Todd C. Atkins (CASB 208879)
*tatkins@atkinsdavidson.com*
Atkins & Davidson, APC
701 B Street, Suite 1170
San Diego, CA  92101
Telephone: (619) 255-2380
Facsimile: (619) 231-4984

Joseph J. Siprut*
*jsiprut@siprut.com*
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
Telephone: (312) 588-1440
Facsimile: (312) 427-1850

*Pro hac vice* admittance to be sought

*Counsel for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANN, INC, d/b/a AnnTaylor Retail, Inc., a Delaware corporation,<br><br>Defendant. | Case No. **'11CV2794 L     MDD**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**Violation of Cal. Civ. Code § 1747.08** |

**CLASS ACTION COMPLAINT**

Plaintiff Amelia Foos ("Plaintiff") brings this Class Action Complaint against Defendant Ann, Inc. d/b/a AnnTaylor Retail, Inc. ("Defendant" or "Ann Taylor") to put a stop to Ann Taylor's unlawful practice of requiring and recording private consumer information in violation of the Song-Beverly Credit Card Act of 1971, California Civil Code § 1747.08 (the "Song-

Beverly Credit Card Act" or the "Act"). Plaintiff, on behalf of herself and all others similarly situated, complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## I.   NATURE OF THE ACTION

1. In 1971, the California legislature passed the Song-Beverly Credit Card Act (the "Act") to protect California consumers from, among other things, unfair business practices, including specifically unfair business practices in connection with the usage and billing of credit cards.

2. In 1990, California Civil Code section 1747.08 was added to the Act to address and prevent the misuse and improper collection of personal identification information, such as billing addresses, for such purposes as marketing and advertising, among others. In adding Section 1747.08 to the Act, the California legislature found that there was no legitimate need to obtain such personal information from credit card customers, other than what was necessary to complete the transaction.

3. Specifically, California Civil Code section 1747.08 states that retail merchants who accept credit card payments during the course of business transactions cannot:

> (1) request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise, [or]
> (2) request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

4. California Civil Code 1747.08(b) defines personal identification information as "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." (§ 747.08, subd. (b).)

5. Defendant Ann Taylor is a large retail outlet with at least 896 store locations throughout the country, including a number of stores in California.

6. This action arises from Ann Taylor's violation of California Civil Code Section 1747.08 through its practice of requiring, as a condition of using a credit card to make a purchase, Plaintiff's and the Class members' personal identification information, specifically their ZIP codes.

## II.   JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Ann Taylor's respective states of citizenship.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) and 1391(c) as: Ann Taylor is deemed to reside in this District because it is subject to personal jurisdiction here; a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this District; and Ann Taylor conducts substantial business in this District.

## III.   PARTIES

9. Plaintiff is a natural person and citizen of the state of California.

10. Ann Taylor is a corporation incorporated and existing under the laws of the state of Delaware with its headquarters located at 7 Times Square, 15th Floor, city of

CLASS ACTION COMPLAINT
-3-

New York, State of New York. Defendant conducts business throughout the United States and California.

### IV. FACTUAL BACKGROUND

11. On November 15, 2010, Plaintiff shopped and purchased items at an Ann Taylor retail store location in San Francisco, California.

12. To consummate each purchase, Plaintiff elected to use, and did use, her credit card as her form of payment.

13. As a condition of using her credit card, Plaintiff was required by Ann Taylor to enter personal identification information associated with the credit card, including her full and complete ZIP code. Ann Taylor would not allow Plaintiff to complete her purchase without supplying such information.

14. Ann Taylor recorded, stored, and continues to store Plaintiff's personal identification information, including Plaintiff's name, zip code, and credit card number, in its databases.

### V. CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action, on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons from whom Ann Taylor requested and recorded personal identification information in conjunction with a credit card transaction occurring in California.

Excluded from the Class are Ann Taylor and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family thereof.

16.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

17.     **Numerosity — Federal Rule of Civil Procedure 23(a)(1).** The exact number of the members of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class consists of millions of individuals. Class members can be easily identified through Defendant's records and public records.

18.     **Commonality and Predominance — Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. Among the questions of law and fact common to the Class are:

   (a) Whether each Class member engaged in a credit card transaction with Defendant;

   (b) Whether Defendant required Class members to provide personal identification information during such credit card transactions;

   (c) Whether Defendant recorded Class members' personal identification information in its databases;

   (d) Whether Defendant's conduct and practice of requiring and recording such personal identification information during credit card transactions constitutes a violation of California Civil Code section 1747.08; and

   (e) The proper measure of civil penalties.

19.     **Typicality — Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other members of the class.  Plaintiff, like every other Class member,

was exposed to virtually identical conduct by the Defendant, and is entitled to civil penalties of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

20. **Adequate Representation — Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interest of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to that of the Class, and Defendant has no defenses unique to the Plaintiff.

21. **Superiority — Federal Rule of Civil Procedure 23(b)(3):** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.  The recovery to which individual members of the Class are entitled will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct.  Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendant's misconduct.  Even if each member of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

22. Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of Cal. Civ. Code § 1747.08
### ("Song-Beverly Credit Card Act of 1971")
### (On behalf of Plaintiff and the Class)

23. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards during business transactions, from requesting or requiring personal identification information from cardholders and then recording it in conjunction with the credit card transaction.

25. Ann Taylor is a corporation that accepts credit cards for the transaction of business.

26. During the one-year period preceding the filing of this Class Action Complaint through the present, Ann Taylor regularly required and recorded personal identification information, in the form of ZIP codes, from cardholders paying for services by credit card.

27. It is and was Ann Taylor's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who paid for a purchase from Ann Taylor using a credit card.

28. Due to Ann Taylor's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court enter an order and judgment in her favor and against Ann Taylor as follows:

(a) Certification of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3);

(b) Designation of Plaintiff as representative of the propose Class and designation of Plaintiff's counsel as Class Counsel;

(c) Declaration that Defendant's actions, as described herein, violate California Civil Code section 1747.08;

(d) Awarding statutory penalties of $1,000 per violation of California Civil Code section 1747.08;

(e) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

(f) Awarding Plaintiff and the Class pre- and post-judgment interest; and

(g) Granting such other and further relief as the Court deems equitable and just.

Dated: December 1, 2011                     Respectfully submitted,

                                            AMELIA FOOS, individually and on behalf of all others similarly situated


                                            By:_____s/ Todd Atkins_____
                                                One of the Attorneys for Plaintiff and the
                                                Putative Class

Todd C. Atkins
*tatkins@atkinsdavidson.com*
ATKINS & DAVIDSON, APC
701 B Street
Suite 1170
San Diego, California 92101
Telephone: (619) 255-2380
Facsimile: (619) 231-4984

CLASS ACTION COMPLAINT

-8-

Joseph J. Siprut*
*jsiprut@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 588-1440
Facsimile: (312) 427-1850

**Pro hac vice* admittance to be sought*

*Counsel for Plaintiff and the Putative Class*

4850-7933-5950, v. 1

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMELIA FOOS, individually and on behalf of all others similarly situated

### DEFENDANTS
ANN, INC, d/b/a AnnTaylor Retail, Inc., a Delaware corporation

(b) County of Residence of First Listed Plaintiff: U.S.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Todd C. Atkins, Atkins & Davidson, APC, 701 B Street, Suite 1170, San Diego, CA 92101, 619-255-2380

Attorneys (If Known)
'11CV2794 L    MDD

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
~~28 U.S.C. § 1332(d)(2)~~   28:1331
Brief description of cause:
Violation of California Song Beverly Credit Card Act

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 12/01/2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Todd Atkins

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____