Joseph J. Siprut (admitted *Pro Hac Vice*)
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois  60603
Tel: 312.588.1440
Fax: 312.427.1850

Todd C. Atkins (SBN 208879)
*tatkins@siprut.com*
SIPRUT PC
701 B Street
Suite 1170
San Diego, California  92101
Tel: 619.255.2380
Fax: 619.231.4984

*Attorneys for Plaintiff and the Putative Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated, | Case No. 3:11-cv-2794-L-MDD |
| Plaintiff, | Judge M. James Lorenz |
| *v.* | Magistrate Judge Mitchell D. Dembin |
| ANN, INC., d/b/a AnnTaylor Retail, Inc., a Delaware corporation, | **CLASS ACTION** |
| Defendant. | **DECLARATION OF JOSEPH J. SIPRUT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT** |

I, JOSEPH J. SIPRUT, declare:

1.      I am an attorney admitted to practice *pro hac vice* before this Court, and am the founder of the law firm of Siprut PC (herein "Siprut PC" or "Class Counsel").  I am one of the attorneys for Plaintiff and the Class herein, and I make this declaration in support of Plaintiffs Motion for Preliminary Approval of Class Action Settlement. If called as a witness, I would and could testify to the following:

2.      I have personally been involved in the prosecution of this Class Action prior to filing the Complaint on December 1, 2011, and through to the present.

3.      Even before this case was filed, and in particular after taking into account the factual information learned through discovery, Class Counsel and Defendant's Counsel engaged in extensive arms-length settlement negotiations. These negotiations ultimately resulted in a formal settlement agreement.  A true and correct copy of the Settlement Agreement and Release (herein the "Settlement Agreement") is attached hereto as Exhibit 1.

4.      Plaintiff and her counsel believe that the claims asserted against Defendant in this litigation have merit.   However, Plaintiff and her counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendant through trial and through appeals.   Plaintiff and her counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation.   This litigation involves complex class action issues, which would involve protracted risky litigation if not settled.  Moreover, in the event of any judgment against Defendant, an appeal could postpone any recovery for several years.

5.     The Settlement Agreement, and the terms thereof, were reached after rigorous advocacy and extensive negotiations, in which I participated directly. Plaintiff and her counsel believe that the settlement set forth in the Settlement Agreement confers substantial benefits upon the Class Members, and is a fair, reasonable and adequate resolution of the Class claims against Defendant. As such, the settlement is entitled to a good-faith determination.

6.     Defendant has agreed to pay Class Counsel total attorneys' fees and costs of up to $192,000.00, to be paid separate and apart from the Class benefits, subject to Court approval. After the parties had agreed to all material terms relating to Class compensation, the parties met and conferred through arms-length negotiations and agreed that a fee award of $192,000.00 to Class Counsel represents a fair and commensurate amount in view of the nature of the action and the results achieved for the benefit of California consumers.   Siprut PC has expended a substantial amount of time and effort in prosecuting this action and achieving substantial benefits for the Class.   This fee is reasonable and appropriate based on the risk of the litigation, its complexity and the substantial benefit obtained for the Class.

7.     I have extensive experience in complex business litigation and class actions.  My firm, Siprut PC, substantially concentrates its practice in the prosecution of class actions, including numerous class actions for violations of the Song-Beverly Credit Card Act of 1971.  I serve as Class Counsel prosecuting numerous Class Actions, including:

- *Kruse, et al. v. Citigroup, Inc.* (Case No. 11-cv-01003-AG-AN, C.D. CA): Nationwide class action relating to the data breach and exposure of Citigroup customers' financial information.

- *Lamb v. Bitech, Inc.* (Case No. 11-05583-EDL-MED, N.D. Cal.): Nationwide class action relating to Defendant's violation of the Song Beverly Act.

-  *Golba v. Dick's Sporting Goods, Inc.* (Case No.  30-2011-00472227-CU-BT-CXC, Superior Ct., Orange County): Nationwide class action relating to Defendant's violation of the Song Beverly Act.

- *Arrington, et al. v. National Collegiate Athletic Association* (Case No. 11-cv-06356, N.D. Ill.): Nationwide class action relating to the NCAA's failure to provide adequate testing and medical assistance to athletes who sustained concussions while playing collegiate sports.

- *Levitt, et al., v. Southwest Airlines, Co.* (Case No. 11-cv-8176, N.D. Ill.): Nationwide class action relating to Southwest's unilateral cancellation of drink vouchers paid for by business select travelers.

- *Garavito v. Suntrust Mortgage, et al.* (Case No. 11-cv-06056, N.D. Ill.): Nationwide class action relating to Suntrust's home loan modification practices.

- *Heiman v. Bank of America, NA, and BAC Home Loans Servicing, LP* (Case No. 11-cv-04285, N.D. Ill.): Nationwide class action relating to Bank of America's home loan modification practices.

- *Yuncker v. Pandora Media, Inc.* (Case No. 3:11-CV-3113-JSW, N.D. Cal.): Nationwide class action relating to the unlawful disclosure of consumers' personally identifiable information and listening history.

8.      Attached as Exhibit B to the Settlement Agreement is a true and correct copy of the proposed Full Class Notice in substantially final form relating to the settlement in the above-entitled action.

9.      Attached as Exhibit C to the Settlement Agreement is a true and correct copy of the proposed U.S. Mail Notice in substantially final form, relating to the settlement in the above-entitled action.

10.      Attached as Exhibit D to the Settlement Agreement is a true and correct copy of the proposed Class Email Notice to be sent via email to each Class Member for whom Defendant has an email address, in substantially final form, relating to the settlement in the above-entitled action.

11.      Attached as Exhibit E to the Settlement Agreement is a true and correct copy of the proposed Class Publication Notice to be published in the California edition of the USA Today, in substantially final form, relating to the settlement in the above-entitled action.

12.     Attached as Exhibit F to the Settlement Agreement is a true and correct copy of the proposed Claim Form, in substantially final form, relating to the settlement in the above-entitled action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2012 at Chicago, Illinois.

                                        /s/ Joseph J. Siprut
                                        Joseph J. Siprut

4814-1117-5951, v.  1

# TABLE OF EXHIBITS

**PAGE NO.**

EXHIBIT 1: Executed Settlement Agreement..............................................................1

EXHIBIT 1.A: REDACTED - [Proposed] Order Granting Preliminary Approval Of Class
        Settlement And Provisional Class Certification  ...................................15

EXHIBIT 1.B: Full Notice ........................................................................17

EXHIBIT 1.C: U.S. Mail Notice  ...............................................................23

EXHIBIT 1.D: Email Notice  ...................................................................25

EXHIBIT 1.E: Publication Notice ...............................................................27

EXHIBIT 1.F: Claim Form ......................................................................29

EXHIBIT 1.G: REDACTED - [Proposed] Final Order Approving Class Action
        Settlement And Judgment ......................................................32

4838-3727-6431, v. 1

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*") is entered into between plaintiff Amelia Foos ("*Plaintiff*"), individually and in her representative capacity as a plaintiff on behalf of the Class, and defendant Ann Inc. (Plaintiff and Ann Inc. collectively, "*Parties*," or singularly, "*Party*").

## RECITALS

**A.** On or about December 1, 2011, Plaintiff filed an unverified complaint in the United States District Court for the Southern District of California ("*Court*") entitled *Amelia Foos, an individual and on behalf of all others similarly situated, v. Ann, Inc., d/b/a/ AnnTaylor Retail Inc.,* Case No. 11-cv-02794 ("*Action*"). Plaintiff brought the Action in her individual capacity and in her capacity as a representative of a class of similarly situated persons. Plaintiff asserted one claim for relief alleging that Ann Inc. violated the Song-Beverly Credit Card Act of 1971 (California Civil Code section 1747.08) by requesting and recording personal identification information in the form of Zip Codes from customers using a credit card.

**B.** On January 31, 2012, Ann Inc. answered Plaintiff's complaint. The answer generally and specifically denies the complaint's allegations and raises several affirmative defenses.

**C.** The Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Action. Based on these investigations, Plaintiff believes the Action has merit, while Ann Inc. believes the Action has no merit. The Parties have also each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Ann Inc.

**D.** Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Action.

## AGREEMENT

**1.** **DEFINITIONS.** The following section defines terms that are not defined above. Some definitions use terms that are defined later in this section:

**1.1** The terms "*Authorized Claimant*" or "*Authorized Claimants*" mean any Class Member who validly and timely submits a Claim Form for a Voucher according to the terms of this Settlement Agreement.

**1.2** The terms "*California Ann Inc. Store*" and "*California Ann Inc. Stores*" means any Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet stores, located in California operated by Ann Inc.

**1.3**     The terms **"Claim Form"** or **"Claim Forms"** mean the form Class Members must submit to receive a Voucher under this Settlement Agreement.   The Claim Form must be substantially similar to the form attached as **Exhibit F**.

**1.4**     The term **"Claimant"** means any Class Member who submits a Claim Form for a Voucher under this Settlement Agreement.

**1.5**     The term **"Claims Administrator"** means the entity, and any successors to that entity, that Ann Inc. designates to administer the notice, claims, and Voucher distribution process provided for in the Settlement Agreement.

**1.6**     The terms **"Class Counsel"** or "**Plaintiff's Counsel**" mean the law firm of Siprut P.C.

**1.7**     The terms **"Class**,**" "Class Member**,**"** and **"Class Members"** mean all persons who, between September 30, 2010 and the date of entry of the Preliminary Approval Order, used a credit card to make a purchase at a California Ann Inc. Store and whose personal identification information, including, but not limited to ZIP code, was requested and recorded by Ann Inc. during the credit card transaction.

**1.8**     The term **"Court"** means the United States District Court for the Southern District of California.

**1.9**     The term **"Email Notice"** mean the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, Ann Inc.'s Counsel, and the Court, to be provided to Class Members under section 3.3 via electronic mail.   The Email Notice must be substantially similar to the form attached as **Exhibit D.**

**1.10**     The term **"Fairness Hearing"** means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

**1.11**     The term **"Final Order and Judgment"** means a proposed order and judgment approving the settlement of this Action.   The order must be substantially similar to the form attached as **Exhibit G**.

**1.12**     The term **"Final Settlement Date"** means two calendar days after the Final Order and Judgment become "final".   For the purposes of this paragraph, "final" means (a) if no appeal from the Final Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from the Final Order and Judgment; or (b) if an appeal from the Final Order and Judgment is filed, and the Final Order and Judgment is affirmed or the appeal dismissed, and no petition for a writ of certiorari ("Writ Petition") with respect to the appellate court's judgment affirming the Judgment or dismissing the appeal ("Appellate Judgment") is filed, the expiration of the time for the filing of a Writ Petition; or (c) if a Writ Petition is filed and denied, the denial of the Writ Petition; or (d) if a Writ Petition is filed and granted, the final affirmance of the Appellate Judgment or final dismissal of the review proceeding initiated by the Writ Petition.

**1.13**     The term **"Full Notice"** means the legal notice of the proposed settlement terms, as approved by Class Counsel, Ann Inc.'s Counsel, and the Court, to be provided to Class

Exhibit 1, Page 2

Members under section 3.3.  The Full Notice must be substantially similar to the form attached as **Exhibit B.**

      **1.14**   The term **"*Internet Posting*"** means a website set up by the Claims Administrator for the purposes of providing the Class with notice of the proposed settlement.

      **1.15**   The terms **"*Voucher*"** or **"*Vouchers*"** include two types of vouchers redeemable in California Ann Inc. Stores.  One type of Voucher allows an Authorized Claimant to receive $15 off of a merchandise purchase (no minimum purchase required).  The second type of Voucher allows an Authorized Claimant to receive 20% off any merchandise purchase (no cap).  Additional terms and conditions of the Vouchers are listed in section 2.3 of this Settlement Agreement.

      **1.16**   The term **"*Named Plaintiff*"** means plaintiff Amelia Foos only in her individual capacity.

      **1.17**   The term **"*Personal Identification Information*"** means personal identification information as defined in California Civil Code section 1747.08(b).

      **1.18**   The term **"*Preliminary Approval and Provisional Class Certification Order*"** or **"*Preliminary Approval Order*"** means a proposed order preliminary approving the Settlement of this Action and provisionally certifying the Class.  This order must be substantially similar to the form attached as **Exhibit A**.

      **1.19**   The term **"*Publication Notice*"** mean the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, Ann Inc.'s Counsel, and the Court, to be provided to Class Members under section 3.3 by one-time publication in a ¼ page advertisement in the California edition of USA Today.  The Publication Notice must be substantially similar to the form attached as **Exhibit E.**

      **1.20**   The term **"*Settlement*"** means the settlement of this Action and related claims.

      **1.21**   The term **"*Ann Inc.'s Counsel*"** means the law firm of Cooley LLP.

      **1.22**   The term **"*U.S. Mail Notice*"** mean the legal notice summarizing the proposed settlement terms, as approved by Class Counsel, Ann Inc.'s Counsel, and the Court, to be provided to Class Members under section 3.3 via regular U.S. postal mail.  The U.S. Mail Notice must be substantially similar to the form attached as **Exhibit C.**

    **2.**      **SETTLEMENT TERMS**

      **2.1**   **Change in Practice.**   Ann Inc. agrees to comply with California Civil Code section 1747.08 on or before entry of the Preliminary Approval Order.  Ann Inc.'s change in policies, practices, and procedures after the onset of the Action and before entry of the Preliminary Approval Order shall in no way expand or restrict the scope of California Civil Code section 1747.08, and is subject to any changes in California law (either by statutory amendment or appellate court opinion). This Settlement Agreement shall in no way require Ann Inc. to notify Plaintiff or Plaintiff's Counsel of any changes to its policies, practices, and procedures as a result of this Settlement Agreement or in the future.

Exhibit 1, Page 3

**2.2    Right to Opt-Out of Receiving Marketing Communications**.   The Full Notice shall instruct Class Members how to contact Ann Inc. regarding how they may opt-out of receiving marketing communications from Ann Inc. by changing the record that Ann Inc. maintains for Class Members such that it notes that the customer will not receive future marketing communications from Ann Inc., unless in the future, the Class Member requests that he or she resume receiving marketing communications.

**2.3    Class Relief**.  must issue a single Voucher to each Authorized Claimant.  As set forth in more detail in paragraph 3.6, at the time he or she submits the Claim Form, each Class Member must elect to receive either a Voucher for $15 off of a merchandise purchase (no minimum purchase required) or 20% off any merchandise purchase (no cap).  Ann Inc. shall issue a Voucher for 20% off any merchandise purchase (no cap) to Class Members who otherwise submit a proper and timely Claim Form, but either (1) request both types of Vouchers, (2) fail to elect the type of Voucher desired, or (3) submit two claim forms that elect different types of Vouchers.  The Vouchers will be subject to the following conditions: (a) Vouchers shall be valid for 6 months after issuance; (b) each Class Member is entitled to receive one (1) Voucher regardless of the number of alleged violations; (c) Vouchers are for a single-use only (may be used only one time); (d) Vouchers shall be redeemable for in-store purchases of merchandise at California Ann Inc. stores, including any Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet stores, only; (e) Vouchers are transferable; (f) Vouchers are not redeemable for cash, including no cash back; (g) Vouchers will not be valid for past purchases; (h) Vouchers will not be replaced if lost, stolen, expired, or damaged; (i) Class Members are responsible for any applicable sales tax; and (j) the Vouchers may be used on sale item(s), however, they may not be combined with any other discount program, promotional coupon or Voucher and may not be used to purchase gift card or certificates.

**2.4    Attorneys' Fees and Costs.**  Ann Inc. agrees not to oppose Class Counsel's application for attorneys' fees and costs of $192,000 (total), subject to Court approval.  Plaintiff agrees to not petition the Court for more than $192,000 (total) for attorneys' fees and costs.  Class Counsel will file any papers supporting its request for attorneys' fees and costs with the Court fourteen (14) calendar days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in paragraph 3.9 below.  If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Plaintiff's Counsel, Ann Inc. agrees to pay the attorneys' fees and costs approved by the Court up to $192,000 (total) to Plaintiff's Counsel within fourteen (14) days after (a) the Final Settlement Date, or (b) Plaintiff's Counsel provides Ann Inc. with its Form W-9, whichever is later.

**2.5    Incentive Award to Named Plaintiff.**  Ann Inc. agrees not to oppose Named Plaintiff's application for an incentive award of $1,000, subject to Court approval.  Plaintiff agrees to not petition the Court for more than $1,000 for an incentive award.  If the Court approves the Settlement of this Action and an incentive award to Named Plaintiff, Ann Inc. agrees to pay the incentive award approved by the Court up to $1,000 to Named Plaintiff within fourteen (14) days after (a) the Final Settlement Date, or (b) Plaintiff provides Ann Inc. with her Form W-9, whichever is later.

**2.6    Settlement Implementation Costs.**   Ann Inc. will pay all claims administration costs and the cost of providing notice of the proposed settlement to the Class as described in this Agreement.

### 3.      CLASS SETTLEMENT PROCEDURES

**3.1      Cooperation to Obtain Court Approval.**  The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2      Preliminary Approval and Provisional Class Certification.**  As soon as practicable after this Settlement Agreement is signed, Plaintiff must apply for preliminary approval of the class action settlement and provisional class certification.  The application must request the Court to:

    **(a)**      preliminarily approve this Settlement Agreement as being fair, reasonable, and adequate;

    **(b)**      preliminarily approve the form, manner, and content of the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice and Claim Form described in sections 3.3 and 3.6, and attached as **Exhibits B - F**;

    **(c)**      set the date and time of the Fairness Hearing between 125 and 145 calendar days after entry of the Preliminary Approval Order, subject to the Court's availability;

    **(d)**      provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

    **(e)**      stay all proceedings in the Action against Ann Inc. until the Court renders a final decision on approval of the Settlement;

    **(f)**      appoint Named Plaintiff as Class Representative for settlement purposes only; and

    **(g)**      appoint the law firm of Siprut P.C. as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A.**  Class Counsel must draft the application papers and give Ann Inc.'s Counsel drafts of the application and proposed order to review at least five (5) calendar days before the application's filing date.  Ann Inc. shall be permitted, but not required, to file its own brief or statement of non-opposition in support of Preliminary Approval and Provisional Class Certification.

**3.3      Notice.**  Subject to the Court granting Preliminary Approval of the Class Settlement and Provisional Class Certification, the Parties agree that Ann Inc. and its retained Claims Administrator will provide the Class with notice of the proposed settlement by the following methods.

    **(a)      Internet Posting**.  Starting no later than sixty (60) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up an Internet website and post the Full Notice and Claim Form.  The website will be active for a period of one hundred and forty (140) consecutive calendar days.

The website shall be designed and constructed to accept electronic Claim Form submission.

(b)    **Email Notice.**  Starting no later than sixty (60) calendar days after entry of the Preliminary Approval Order, Ann Inc., through the Claims Administrator, will send an Email Notice to each Class Member for whom Ann Inc. has an email address, including Class Members who previously indicated that they do not wish to receive any communications from Ann Inc.  The Email Notice will be substantially similar to the form attached as **Exhibit D**, and will provide the web address of the Full Notice and a mailing address to contact the Claims Administrator.

(c)    **Direct Mail Notice.**  Starting no later than sixty (60) calendar days after entry of the Preliminary Approval Order, Ann Inc., through the Claims Administrator, will send a postcard containing the U.S. Mail Notice to each Class Member who was not sent  Email Notice under paragraph 3.3(b) for whom Ann Inc. has a facially valid United States postal address, including Class Members who previously indicated that they do not wish to receive any communications from Ann Inc.  The postcard containing the U.S. Mail Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Full Notice and a mailing address to contact the Claims Administrator.

(d)    **Publication Notice.**  Between sixty (60) and eighty five (85) calendar days after entry of the Preliminary Approval Order, Ann Inc. shall have the Publication Notice published once in a ¼ page advertisement in the California Edition of USA Today.  The Publication Notice will be substantially similar to the form attached as **Exhibit E**, and will provide the web address of the Full Notice and a mailing address to contact the Claims Administrator.

**3.4**    **CAFA Notice**.  After  the Settlement Agreement is filed with the Court, Ann Inc. shall serve upon the relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

**3.5**    **Proof of Notice.**  No later than seven (7) calendar days before the filing date for Plaintiff's motion in support of the Final Order and Judgment, Ann Inc. must serve a declaration on Class Counsel confirming that Ann Inc., through the Claims Administrator, provided the Class with notice of the proposed settlement in accordance with section 3.3.

**3.6**    **Claim Form.**  To be entitled to receive a Voucher, Class Members must accurately complete a Claim Form and deliver that form to the Claims Administrator no later than one hundred and forty (140) calendar days after Notice is provided under paragraph 3.3(b) and (c).  The Claim Form may be submitted electronically or by postal mail.  The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the settlement website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.  Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement.  The Claim Form will also contain two check boxes that a Class Member can check to choose either the Voucher for $15 off of a merchandise purchase (no

minimum purchase required) or 20% off any merchandise purchase (no cap).  If a Class Member submits a timely and otherwise proper Claim Form, but either: (1) checks both boxes, (2) fails to check either box, or (3) submits two claim forms that elect different types of Vouchers, Ann Inc. shall issue a Voucher for 20% off any merchandise purchase (no cap).

> **3.7    Right to Verify.**  The Claims Administrator may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim.  In addition, Ann Inc. may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member.

> **3.8    Disputed Claims.**  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.  Ann Inc.'s records will be entitled to a rebuttable presumption of accuracy.

> **3.9    Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 3.10 below and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the attorneys' fees and costs requested by Class Counsel, must deliver written objections to Class Counsel and Ann Inc.'s Counsel, and must file such objection with the Court, no later than sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of this Agreement.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel and Ann Inc.'s Counsel.  Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name of the Action, "*Foos v. Ann Inc.*"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.  However, Settlement Class Members or their attorneys intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and Ann Inc.'s Counsel and file with the Court a Notice of Intention to Appear no later than sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of this Agreement.  Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.  If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

> **3.10    Exclusion Requests.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name of the Action, "*Foos v. Ann Inc.*"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of this Agreement.

(a) **Exclusion List**.  Ann Inc. must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiff's motion in support of the Final Order and Judgment.

(b) **Blow-up Clause.**  Despite this Settlement Agreement, if more than two hundred (200) Class Members request exclusion, then Ann Inc. may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any affect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**3.11    Final Order and Judgment.**  Before the Fairness Hearing, Plaintiff must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the form attached as **Exhibit G**.  Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class.  Class Counsel must also draft the application papers and give Ann Inc.'s Counsel drafts of the application and proposed order to review at least seven (7) calendar days before the application's filing deadline.  Ann Inc. shall be permitted, but not required, to file its own brief in support of the Final Order and Judgment.

**3.12    Action Status if Settlement Not Approved.**  This Settlement Agreement is being entered into for settlement purposes only.  If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*.  In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative and conditional appointment of Plaintiff's counsel as Class Counsel, (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.  If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Ann Inc. shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**3.13    Voucher Distribution.**  If the Court approves the Settlement of this Action, Ann Inc. must mail the Vouchers to the Authorized Claimants within sixty (60) calendar days following the Final Settlement Date.

4.     **DISMISSAL OF ACTION AND RELEASES**

      **4.1     Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed settlement and enter judgment, the judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

      **4.2     Class Member's Release.**  Upon entry of the Final Order and Judgment, Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge Ann Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all violations of California Civil Code section 1747.08 (including all subsections).

In addition, Plaintiff and the Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

                **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and the Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiff and the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts.  Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

      **4.3     Named Plaintiff's General Release.**  Upon entry of the Final Order and Judgment, the Named Plaintiff Amelia Foos, and each of her successors, assigns, legatees, heirs, and personal representatives release and forever discharge Ann Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages,

charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiff, and each of Named Plaintiff's successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiff fully understands that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiff and her Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts.  Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

5.    **ADDITIONAL PROVISIONS**

5.1    **Ann Inc.'s Denial of Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

5.2    **Change of Time Periods.**    All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

5.3    **Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiff in her representative capacity on behalf of the Class, are the only persons having any interest in the claims asserted in this Action.  Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

5.4    **Voluntary Agreement.**    The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

5.5    **Binding on Successors.**  This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

5.6    **Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement

Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

      **5.7**    **Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

      **5.8**    **Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

      **5.9**    **Construction and Interpretation.**  Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

      **5.10**    **Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

      **5.11**    **Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and the Settlement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

      **5.12**    **Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

      **5.13**    **Governing Law.**  This Settlement Agreement is governed by California law and must be interpreted under California law and without regard to conflict of laws principles.

      **5.14**    **Further Assurances.**  The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

      **5.15**    **Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

**5.16**   **Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

**5.17**   **Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.  Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Settlement Agreement may be treated as originals.

**5.18**   **Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.19**   **Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

**5.20**   **Inadmissibility.**   This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding affect of the Final Order and Judgment.

**5.21**   **No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**[CONTINUED ON THE NEXT PAGE]**

**5.22    List of Exhibits:**    The following exhibits are attached to this Settlement Agreement:

Exhibit A – [Proposed] Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification

Exhibit B – Full Notice

Exhibit C – U.S. Mail Notice

Exhibit D –Email Notice

Exhibit E – Publication Notice

Exhibit F – Claim Form

Exhibit G – [Proposed] Final Order Approving Class Action Settlement and Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below**.

Dated:___5/21/12___

**PLAINTIFF AMELIA FOOS**

_____

Amelia Foos,
Individually and in her Representative Capacity

Dated:_____

**DEFENDANT ANN INC.**

_____

By:_____

Title:_____

On behalf of Ann Inc.

**5.22    List of Exhibits:**    The   following   exhibits   are   attached   to   this   Settlement Agreement:

Exhibit A – [Proposed] Order Granting Preliminary Approval of Class Settlement
                     and Provisional Class Certification

Exhibit B – Full Notice

Exhibit C – U.S. Mail Notice

Exhibit D –Email Notice

Exhibit E – Publication Notice

Exhibit F – Claim Form

Exhibit G – [Proposed] Final Order Approving Class Action Settlement and Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**


Dated:_____          **PLAINTIFF AMELIA FOOS**




                                                                    _____
                                                                    Amelia Foos,
                                                                    Individually and in her Representative Capacity

Dated:_____          **DEFENDANT ANN INC.**


                                                                    _Barbara Eisenberg_____

                                                                    By: _Barbara K. Eisenberg_____

                                                                    Title: _EVP, General Counsel &_____
                                                                                        Corporate Secretary
                                                                    On behalf of Ann Inc.

# EXHIBIT A

### [PROPOSED] ORDER GRANTING PRELIMINARY
### APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION

[PER ECF RULES 2(H) AND 2(K), EXHIBIT A HAS BEEN REDACTED AND WILL BE E-MAILED IN WORD FORMAT TO JUDGE LORENZ.]

# EXHIBIT B

### FULL NOTICE

## LEGAL NOTICE

**TO:** All persons who, between September 30, 2010 and [insert: date of entry of Preliminary Approval Order], used a credit card to make a purchase at a California Ann Inc. Store and whose Personal Identification Information, including, but not limited to ZIP code, was requested and recorded by Ann Inc. during the credit card transaction.

### IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.

A settlement has been proposed in a class action lawsuit pending in U.S. District Court for the Southern District of California entitled *Amelia Foos, an individual and on behalf of all others similarly situated, v. Ann Inc.*, Case No. 11-cv-02794 (the **"Foos Action"**).  This Notice explains the nature of the lawsuit, the general terms of the proposed settlement, and your legal rights and obligations.

### GENERAL BACKGROUND OF THE FOOS ACTION

Plaintiff Amelia Foos (the "**Class Representative**") filed a class action lawsuit against Ann Inc. on behalf of the Class of persons described above.  The lawsuit alleges that Ann Inc. violated California Civil Code section 1747.08 by requesting and recording Personal Identification Information, including, but not limited to, Zip codes, of California Ann Inc. store customers who paid for merchandise using a credit card, and seeks civil penalties and attorneys' fees.  <u>Ann Inc. denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.</u>

The Parties have determined that it is in their best interests to settle the Foos Action to avoid the expenses, inconveniences, and interferences with ongoing business operations that are associated with litigation.  In addition, the U.S. District Court for the Southern District of California has determined that the Foos Action should proceed as a class action, for settlement purposes only, with Plaintiff Amelia Foos as the Class Representative, and granted preliminary approval of the settlement, subject to a final fairness hearing discussed below.

### THE PROPOSED SETTLEMENT

Ann Inc. agrees to comply with California Civil Code section 1747.08.  Ann Inc. also agrees to provide for each Class Member who properly and timely completes a claim form, a single voucher to either receive $15 off of a merchandise purchase (no minimum purchase required) or for 20% any merchandise purchase (no cap) ("Voucher").  Vouchers shall subject to the following conditions: (a) Vouchers shall be valid for 6 months after issuance; (b) each Class Member is entitled to receive one (1) Voucher regardless of the number of alleged violations; (c) Vouchers are for a single-use only (may be used only one time); (d) Vouchers shall be redeemable for in-store purchases of merchandise at California Ann Inc. stores, including any Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet stores, only; (e) Vouchers are transferable; (f) Vouchers are not redeemable for cash, including no cash back; (g) Vouchers will not be valid for past purchases; (h) Vouchers will not be replaced if lost, stolen, expired, or damaged; (i) Class Members are responsible for any applicable sales tax; and (j) the

Vouchers may be used on sale item(s), however, they may not be combined with any other discount program, promotional coupon or Voucher and may not be used to purchase gift card or certificates.

If a Class Member submits a Claim Form but fails to elect which type of Voucher he or she wishes to receive, elects both types of Vouchers, or submits two claim forms that elect different types of Vouchers, the Class Member will receive a Voucher for 20% of any merchandise purchase.

The Class Representative will request an incentive award of $1,000 for her services as Class Representative and her efforts in bringing the Foos Action. The attorneys for the Class (**"Class Counsel"**) will request to be paid up to a maximum of $192,000 total for their attorneys' fees and costs. The Court will make the final decision as to the amounts to be paid to the Class Representative and Class Counsel. These amounts will not affect the benefits provided to the Class.

## HOW TO RECEIVE YOUR VOUCHER

You must complete a Claim Form and no later than [insert: one hundred and forty (140) calendar days after notice is provided under paragraph 3.3(b) and (c) of the Settlement] and electronically submit it through the settlement website located at www._____ or mail it to the Claims Administrator at:

*Foos v. Ann Inc.,* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

**If you do not submit a valid and timely Claim Form, you will not receive benefits under the settlement, but you will still be bound by the settlement unless you exclude yourself.** The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission electronically through the settlement website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. If you need a Claim Form, you may obtain one by: (1) downloading one at www._____, or (2) by writing the Claims Administrator at the address above.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

If the Court approves the proposed Settlement Agreement, it will enter a judgment in the Foos Action with prejudice as to all Class Members. Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge Ann Inc., and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Foos Action including, but not limited to, any and all violations

of California Civil Code section 1747.08 (including all subsections).

In addition, Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and all Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Plaintiff and the Class Members and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts.  Further, Plaintiff and the Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

## FAIRNESS HEARING

On [_____ at _____.m.], a hearing will be held on the fairness of the proposed settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement's fairness.  The hearing will take place before the Honorable M. James Lorenz in Courtroom 14 (5th Floor) of the U.S. District Court for the Southern District of California, located at 940 Front Street, San Diego, CA 92101.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You may exclude yourself from the Class and the settlement.  If you want to be excluded, you must send a letter or postcard stating: **(a)** the name of the Action, "*Foos v. Ann Inc.*"; **(b)** your full name, address, and telephone number; and **(c)** a statement that you do not wish to participate in the settlement, postmarked no later than [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement] to the Claims Administrator at:

*Foos v. Ann Inc.,* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Foos Action, and you will not be precluded from prosecuting any timely, individual claim against Ann Inc. based on the conduct complained of in the Foos Action.

## HOW TO OBJECT TO THE SETTLEMENT

If you wish to object to the settlement, you must file a written objection with the Court and serve such

objection on Class Counsel and Ann Inc.'s Counsel at the addresses set forth below no later than [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement].

| **CLASS COUNSEL** | **ANN INC.'S COUNSEL** |
|---|---|
| JOSEPH J. SIPRUT, ESQ. | MICHELLE C. DOOLIN, ESQ. |
| SIPRUT P.C. | COOLEY LLP |
| 122 SOUTH MICHIGAN AVE., SUITE 1850 | 4401 EASTGATE MALL |
| CHICAGO, IL  60603 | SAN DIEGO, CA  92121 |

Any written objections must state: **(a)** the name of the Action, "*Foos. v. Ann Inc.*"; **(b)** the full name, address, and telephone number of the person objecting; **(c)** the words "Notice of Objection" or "Formal Objection"; **(d)** statement of each objection; and **(e)** a written brief stating in clear and concise terms the legal and factual arguments supporting the objection and any evidence you wish to introduce in support of the objections.  You may, but need not, file and serve your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**<u>IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.</u>**

If you file and serve a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must also deliver to Class Counsel and Ann Inc.'s Counsel, and file with the Court, no later than [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement], a Notice of Intention to Appear

### HOW TO OPT-OUT OF FUTURE MARKETING COMMUNICATIONS FROM ANN INC.

If you do not want to receive any future marketing communications from Ann Inc., you may opt-out of receiving them contacting Ann Inc. via phone at 1-800-DIAL-ANN, via email at clientservices@anninc.com or via U.S. postal mail at Ann Taylor Client Services, Attn: Senior Director, Client Contact, 2500 Farmers Drive, 5th Floor, Columbus, OH 43235-5706.  Please be sure to include your full name, email address, telephone number, mailing address and, specifically, what information you do not want to receive (e.g., email communications, telephone communications, postal mail communications, mobile communications).

### ADDITIONAL INFORMATION

This description of the Foos Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the Edward J. Schwartz U.S. Courthouse located at 940 Front Street, San Diego, CA 92101, (619) 557-5600. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION**

**TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 2011          By: Order of the Southern District of California
                                    HONORABLE M. JAMES LORENZ
                                    UNITED STATED DISTRICT COURT JUDGE

# EXHIBIT C

**U.S. MAIL NOTICE**

**YOU ARE RECEIVING THIS POSTCARD BECAUSE YOU MAY HAVE MADE A CREDIT CARD PURCHASE AT A CALIFORNIA ANN INC. STORE BETWEEN SEPTEMBER 30, 2010 AND [INSERT: DATE OF ENTRY OF PRELIMINARY APPROVAL ORDER], AND AN ANN INC. STORE EMPLOYEE REQUESTED AND RECORDED YOUR PERSONAL IDENTIFICATION INFORMATION (FOR EXAMPLE, YOUR ZIP CODE), DURING SUCH CREDIT CARD PURCHASE TRANSACTION. AS SUCH, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT TITLED: *AMELIA FOOS V. ANN INC.*, PENDING IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 11-CV-02794. A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED. IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, Class Members who timely file a valid Claim Form are eligible to receive their choice of one of two types of Vouchers: (1) a voucher to receive $15 off of a merchandise purchase (no minimum purchase required), or (2) a voucher to receive 20% any merchandise purchase (no cap). These Vouchers are redeemable at any California Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store (with certain other limitations). Ann Inc. may verify the accuracy of information set forth in any submitted Claim Form and may require proof of purchase.

**You can submit a Claim Form, and view and download a full notice of the proposed Settlement Agreement and a copy of the Claim Form at the Claims Administrator's website: [_____].** You may also request a copy of the full notice and a Claim Form from the Claims Administrator by mail:

*Foos v. Ann Inc.* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

**You must act on or before [insert: one hundred and forty (140) calendar days after notice is provided under paragraph 3.3(b) and (c) of the Settlement] to make a claim under the proposed settlement.** If you object to the proposed Settlement Agreement or wish to be excluded from it, you must do so on or before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement]. If you do not request to be excluded from the settlement before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement], you will be deemed to have released Ann Inc. from all claims described in the full notice.

# EXHIBIT D

**EMAIL NOTICE**

To: XXXXXXXXXX

From: XXXXXXXXXX

Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

---

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT

AMELIA FOOS V. ANN INC.

---

**YOU ARE RECEIVING THIS E-MAIL BECAUSE YOU MAY HAVE MADE A CREDIT CARD PURCHASE AT A CALIFORNIA ANN INC. STORE BETWEEN SEPTEMBER 30, 2010 AND [INSERT: DATE OF ENTRY OF PRELIMINARY APPROVAL ORDER], AND AN ANN INC. STORE EMPLOYEE REQUESTED AND RECORDED YOUR PERSONAL IDENTIFICATION INFORMATION (FOR EXAMPLE, YOUR ZIP CODE), DURING SUCH CREDIT CARD PURCHASE TRANSACTION.  AS SUCH, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT TITLED: *AMELIA FOOS V. ANN INC.,* PENDING IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 11-CV-02794.  A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED.  IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, Class Members who timely file a valid Claim Form are eligible to receive their choice of one of two types of Vouchers: (1) a voucher to receive $15 off of a merchandise purchase (no minimum purchase required), or (2) a voucher to receive 20% any merchandise purchase (no cap).  These Vouchers are redeemable at any California Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store (with certain other limitations).  Ann Inc. may verify the accuracy of information set forth in any submitted Claim Form and may require proof of purchase.

**You can submit a Claim Form, and view and download a full notice of the proposed Settlement Agreement and a copy of the Claim Form at the Claims Administrator's website: [_____].**  You may also request a copy of the full notice and a Claim Form from the Claims Administrator by mail:

*Foos v. Ann Inc.* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

**You must act on or before [insert: one hundred and forty (140) calendar days after notice is provided under paragraph 3.3(b) and (c) of the Settlement] to make a claim under the proposed settlement.**  If you object to the proposed Settlement Agreement or wish to be excluded from it, you must do so on or before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement].  If you do not request to be excluded from the settlement before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement], you will be deemed to have released Ann Inc. from all claims described in the full notice.

# EXHIBIT E

## PUBLICATION NOTICE

**IF YOU MADE A CREDIT CARD PURCHASE AT A CALIFORNIA ANN INC. STORE BETWEEN SEPTEMBER 30, 2010 AND [INSERT: DATE OF ENTRY OF PRELIMINARY APPROVAL ORDER], AND AN ANN INC. STORE EMPLOYEE REQUESTED AND RECORDED YOUR PERSONAL IDENTIFICATION INFORMATION (FOR EXAMPLE, YOUR ZIP CODE), DURING SUCH CREDIT CARD PURCHASE TRANSACTION, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT TITLED: *AMELIA FOOS V. ANN INC.*, PENDING IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 11-CV-02794.  A PROPOSED SETTLEMENT OF THIS CLASS ACTION HAS BEEN REACHED.  IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

As part of the proposed settlement, Class Members who timely file a valid Claim Form are eligible to receive their choice of one of two types of Vouchers: (1) a voucher to receive $15 off of a merchandise purchase (no minimum purchase required), or (2) a voucher to receive 20% any merchandise purchase (no cap).  These Vouchers are redeemable at any California Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store (with certain other limitations).  Ann Inc. may verify the accuracy of information set forth in any submitted Claim Form and may require proof of purchase.

**You can submit a Claim Form, and view and download a full notice of the proposed Settlement Agreement and a copy of the Claim Form at the Claims Administrator's website: [_____].**  You may also request a copy of the full notice and a Claim Form from the Claims Administrator by mail:

*Foos v. Ann Inc.* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

**You must act on or before [insert: one hundred and forty (140) calendar days after notice is provided under paragraph 3.3(b) and (c) of the Settlement] to make a claim under the proposed settlement.**  If you object to the proposed Settlement Agreement or wish to be excluded from it, you must do so on or before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement].  If you do not request to be excluded from the settlement before [insert: sixty (60) calendar days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement], you will be deemed to have released Ann Inc. from all claims described in the full notice.

# EXHIBIT F

## CLAIM FORM

### ANN INC., CLAIM FORM

*Foos v. Ann Inc.*
Southern District of California, Case No. 11-CV-02794

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [INSERT: 140 CALENDAR DAYS AFTER NOTICE IS PROVIDED UNDER PARAGRAPH 3.3(B) AND (C) OF THE SETTLEMENT].**

*By submitting this claim form, you will be included as a member of the class identified in the notice. If you also submit a request for exclusion from the class and settlement, the request for exclusion will be deemed invalid.*

**PERSONAL INFORMATION.**

Please legibly print or type the following information:

Name (first, middle, and last):_____

Residential Street Address:_____

City, State, and Zip Code:_____

Telephone Number: (_____)_____

**PURCHASE INFORMATION.**

**I declare the following:**

1. During the period of time between September 30, 2010 and [the Date of Entry of the Court's Preliminary Approval Order], I purchased merchandise at an Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store.

2. The Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store was located in the State of California.

3. I used the following credit card to pay for my purchase at the California Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store:

   _____   (_____  _____  _____  _____).
   Credit Card Type             Last 4 Digits of Credit Card No.

4. During the transaction occurring at a California Ann Taylor, LOFT, Ann Taylor Factory or LOFT Outlet store between September 30, 2010 and [the Date of Entry of the Court's Preliminary Approval Order], an Ann Inc. store employee requested that I provide, and I did provide my Personal Identification Information, including but not limited to my zip code.

*Ann Inc. may verify the accuracy of your claim. Please retain in your possession any receipts or other documents that support your claim.*

**ELECTION OF VOUCHER (CHOOSE ONE).**

☐    I wish to receive a Voucher for 20% any merchandise purchase (no cap) at a California Ann Inc. store.

☐    I wish to receive a Voucher for $15 off of a merchandise purchase (no minimum purchase required) at a California Ann Inc. store.

*If you submit an otherwise proper and timely claim form, but either: (1) check both boxes, (2) fail to check either box, or (3) submit two claim forms that elect different types of Vouchers, Ann Inc. will provide you with one Voucher for 20% off any merchandise purchase (no cap) at a California Ann Inc. store.*

**RELEASE OF CLAIMS.**

On behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I release and forever discharge Ann Inc. and each of its direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which I have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, any and all violations of California Civil Code section 1747.08 (including all subsections).

In addition, on behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

I fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by myself, Plaintiff and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts.  Further, I agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

THIS FORM MUST BE COMPLETED AND RETURNED TO THE CLAIMS ADMINISTRATOR ON OR BEFORE [INSERT: 140 CALENDAR DAYS AFTER NOTICE IS PROVIDED UNDER PARAGRAPH 3.3(B) AND (C) OF THE SETTLEMENT].

IF SUBMITTED ELECTRONICALLY:

☐  **I agree that by submitting this claim form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated:_____          Signature: _____

# EXHIBIT G

**[PROPOSED] FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT AND JUDGMENT**

747634/SD

[PER ECF RULES 2(H) AND 2(K), EXHIBIT G HAS BEEN REDACTED AND WILL BE E-MAILED IN WORD FORMAT TO JUDGE LORENZ.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **DECLARATION OF JOSEPH J. SIPRUT IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT** was filed this 21st day of June, 2012, via the electronic filing system of the Southern District of California, which will automatically serve all counsel of record.

/s/ Todd Atkins_____