1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   AMELIA FOOS, individually and on          )    Civil No. 11cv2794 L (MDD)
     behalf of all others similarly situated,  )
12                                             )    **ORDER GRANTING**
                         Plaintiff,            )    **PRELIMINARY APPROVAL OF**
13                                             )    **CLASS SETTLEMENT AND**
     v.                                        )    **PROVISIONAL CLASS**
14                                             )    **CERTIFICATION**
     ANN, INC., a Delaware corporation doing   )
15   business as Ann Taylor Retail, Inc.,      )
                                               )
16                       Defendant.            )
                                               )
17   _____      )

18        On July 23, 2012, this Court heard plaintiff Amelia Foos's motion for preliminary

19   approval of class settlement and provisional class certification under Rule 23 of the Federal

20   Rules of Civil Procedure.  This Court reviewed the motion, including the Amended Settlement

21   Agreement and Release ("Settlement Agreement").  Based on this review and the findings

22   below, the Court found good cause to grant the motion.

23   **FINDINGS:**

24        1.    The Settlement Agreement is fair, reasonable, and adequate;

25        2.    The Full Notice, U.S. Mail Notice, Email Notice, Publication Notice and Claim

26   Form (attached to the Settlement Agreement) comply with due process because the notices and

27   forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit,

28   (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the

1  settlement, exclude themselves from the settlement or object to the settlement;

2      3.      The Class is so numerous that joinder of all Class Members is impracticable;

3      4.      Plaintiff's claims are typical of the Class's claims;

4      5.      There are questions of law and fact common to the Class, which predominate over

5  any questions affecting only individual Class Members; and

6      6.      Class Certification is superior to other available methods for the fair and efficient

7  adjudication of the controversy.

8  **IT IS ORDERED THAT:**

9      1.      **Settlement Approval**.  The Settlement Agreement, including the Full Notice, U.S.

10  Mail Notice, Email Notice, Publication Notice and Claim Form, attached to the Settlement

11  Agreement as Exhibits B-F are preliminarily approved.

12      2.      **Provision of Class Notice**.  Defendant Ann Inc. will notify Class Members of the

13  settlement in the manner specified under Section 3.3 of the Settlement Agreement ("Notice").

14      3.      **Claims Administrator**.  The Garden City Group, Inc. is appointed as the Claims

15  Administrator.

16      4.      **Claim for Vouchers**.  Class Members who want to receive a Voucher under the

17  Settlement Agreement must accurately complete and deliver a Claim Form to the Claims

18  Administrator no later than one hundred and forty (140) calendar days after Notice is provided

19  under Section 3.3(b) and (c) of the Settlement Agreement.

20      5.      **Objection to Settlement**.  Class Members who have not submitted a timely

21  written exclusion request pursuant to paragraph 7 below and who want to object to the

22  Settlement Agreement must deliver written objections to Class Counsel and Ann Inc.'s Counsel,

23  and must file such objection with the Court, no later than sixty (60) calendar days after Notice is

24  provided under Section 3.3(b) and (c) of the Settlement Agreement.  The delivery date is deemed

25  to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The

26  objection must include: (a) the name and case number of the Action, "Foos v. Ann Inc., Case No.

27  11cv2794-L (MDD)"; (b) the full name, address, and telephone number of the person objecting;

28  (c) a statement of each objection; and (d) a written brief detailing the specific reasons, if any, for

1  each objection, including any legal and factual support the objector wishes to bring to the Court's

2  attention and any evidence the objector wishes to introduce in support of the objection(s).  Any

3  Class Member who files and serves a written objection, as described in this paragraph, may

4  appear at the Fairness Hearing, either in person or through personal counsel hired at the Class

5  Member's expense, to object to the Settlement Agreement.  Class Members, or their attorneys,

6  intending to make an appearance at the Fairness Hearing, however, must also deliver to Class

7  Counsel and Ann Inc.'s Counsel, and file with the Court, no later than sixty (60) calendar days

8  after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement, a Notice of

9  Intention to Appear.  Only Class Members who file and serve timely Notices of Intention to

10  Appear may speak at the Fairness Hearing.  The objection will not be valid if it only objects to

11  the lawsuit's appropriateness or merits.

12      6.    **Failure to Object to Settlement**.  Class Members who fail to object to the

13  Settlement Agreement in the manner specified above will: (1) be deemed to have waived their

14  right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a

15  subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement;

16  and (3) not be entitled to speak at the Fairness Hearing.

17      7.    **Requesting Exclusion**.  Class Members who want to be excluded from the

18  settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and

19  case number of the Action, "Foos v. Ann Inc., Case No. 11cv2794-L (MDD)"; (b) the full name,

20  address, and telephone number of the person requesting exclusion; and (c) a statement that he or

21  she does not wish to participate in the settlement, postmarked no later than sixty (60) calendar

22  days after Notice is provided under Section 3.3(b) and (c) of the Settlement Agreement.

23      8.    **Provisional Certification**.  The Class is provisionally certified as a class of all

24  persons who, between September 30, 2010 and the date of entry of this Preliminary Approval

25  Order, used a credit card to make a purchase at a California Ann Inc. Store and whose Personal

26  Identification Information, including, but not limited to Zip code, was requested and recorded by

27  Ann Inc. during the credit card transaction.

28  / / /

1    9.    **Appointment of Class Representative and Class Counsel**.  Plaintiff Amelia

2  Foos is conditionally certified as the class representative to implement the Parties' settlement in

3  accordance with the Settlement Agreement.  The law firm of Siprut P.C., through Joseph Siprut,

4  Esq. is appointed as Class Counsel.  Plaintiff and Siprut P.C. must fairly and adequately protect

5  the Class's interests.

6    10.    **Termination**.  If the Settlement Agreement terminates for any reason, the

7  following will occur:  (a) class certification will be automatically vacated; (b) Plaintiff will stop

8  functioning as Class representative; and (c) this Action will revert to its previous status in all

9  respects as it existed immediately before the Parties executed the Settlement Agreement.  This

10  Order will not waive or otherwise impact the Parties' rights or arguments.

11    11.    **No Admissions**.  Nothing in this Order is, or may be construed as, an admission or

12  concession on any point of fact or law by or against any Party.

13    12.    **Stay of Dates and Deadlines**.  All discovery and pretrial proceedings and

14  deadlines are stayed and suspended until further notice from the Court, except for such actions as

15  are necessary to implement the Settlement Agreement and this Order.

16    13.    **Fairness Hearing**.  On **December 10, 2012, at 10:30 a.m.**, this Court will hold a

17  Fairness Hearing to determine whether the Settlement Agreement should be finally approved as

18  fair, reasonable, and adequate.  All papers supporting Plaintiff's request for attorneys' fees and

19  costs must be filed no later than fourteen (14) calendar days before the deadline for Class

20  Members to object to the Settlement.  All other papers supporting Final Approval of the

21  Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness

22  Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.

23  If that occurs, Ann Inc. will not be required to provide additional notice to class members.

24    **IT IS SO ORDERED.**

25  DATED:  September 13, 2012

26    _____
    M. James Lorenz

27    United States District Court Judge

28  / / /

4                                          11cv2794

1  COPY TO:

2  HON. MITCHELL D. DEMBIN
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2794