UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANN, INC., a Delaware corporation doing business as Ann Taylor Retail, Inc.,<br><br>Defendant. | Civil No. 11cv2794 L (MDD)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT and GRANTING IN PART MOTION FOR ATTORNEYS' FEES [doc. nos. 29, 34]** |

On December 10, 2012, the Court heard plaintiff's motions for final approval of proposed class settlement [doc. #34] and for attorneys' fees, costs, expenses, and incentive fees [doc. #29] The Court reviewed the motions and supporting papers, including the Amended Settlement Agreement and Release; defendant's statement in support of final approval of class settlement; and the objection filed by Sarah McDonald, who was represented by counsel. Also, the Court considered the arguments of the parties at the hearing. Based on this review, the Court enters the following findings and conclusions.

**FINDINGS:**

1.   Unless otherwise specified, the defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2.   The Court has jurisdiction over the subject matter of the action, all parties to the

action, and all class members.

3. Notice was provided to class members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed class members about the lawsuit and settlement; (b) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement' (c) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date and place of the Final Fairness Hearing.

4. Defendant Ann Inc. gave notice to the class members on June 28, 2012, under 28 U.S.C. § 1715(b) and the notice substantively complies with the requirements of that section and was sent to the appropriate state and federal officials.

5. For the reasons stated in the Order granting preliminary approval of class settlement and provisional class certification and on the transcribed record of the Final Fairness Hearing, and having been presented with no legal or factual basis to disturb the prior findings, the Court finds and concludes that the proposed Class, as defined below, meets all of the legal requirement for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

6. The parties have performed their obligations under the Settlement Agreement.

7. The Court finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the class members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of this Court, due process, and any other applicable law.

8. With respect to the determination that the Settlement Agreement is fair, reasonable and adequate, the Court specifically notes that (a) whether the outcome on the merits would result in a ruling in plaintiff and the class's favor was uncertain; (b) plaintiff faced difficulties obtaining statutory penalties; (c) the Settlement Agreement was reached through negotiations

with experienced and informed counsel; and (d) the monetary and non-monetary terms of the Settlement reflect substantial benefits to the settlement class in light of the circumstances of the action and are in line with other settlements.

9. An award of not more than $192,000 in attorneys' fees and costs to class counsel will be entered upon submission of sufficient documentation that permits the Court to find that class counsel's hours and expenses were reasonable and whether a multiplier should be applied.

10. An incentive award to plaintiff Amelia Foos of $1,000.00 is fair and reasonable in light of plaintiff's risks in commencing this action as the class representative, the time and effort spent by plaintiff in litigating this action as the class representative.

Based on the foregoing, **IT IS ORDERED THAT:**

1. The Class is defined as:

> All persons who, between September 30, 2010 and September 13, 2012, used a credit card to make a purchase at a California Ann Inc. store and whose Personal Identification Information, including, but not limited to ZIP code, was requested and recorded by Ann Inc. during the credit card transaction.

2. This Order applies to all claims or causes of action settled under the Settlement Agreement, and binds all class members, including those who did not properly request exclusion under paragraph seven of the Order granting preliminary approval of class settlement and provisional class certification. However, this Order does not bind persons who filed timely and valid requests for exclusions.

3. The objections of Sarah McDonald are overruled.

4. Plaintiff and all class members who did not properly request exclusion are (a) deemed to have released and discharged Ann Inc. from all claims arising out of or asserted in the action and claims released under the Settlement Agreement; (b) barred and permanently enjoined from asserting, instituting or prosecuting, either directly or indirectly, these claims. The full terms of the release described here are set forth in paragraphs 4.2 and 4.3 of the Settlement Agreement and are specifically incorporated herein by this reference.

5. Ann Inc. will issue a single Voucher to each class member who submitted a valid and timely Claim Form as provided in the Settlement Agreement under the timeline stated in

1 paragraph 3.13 of the Settlement Agreement.

2     6.    Class counsel's specific award of attorneys' fees and costs shall not exceed $192,000. Upon submission of appropriate documentation on or before December 21, 2012, and an award by the Court, payment shall be made under the timeline stated in Paragraph 2.4 of the Settlement Agreement.

    7.    Plaintiff Amelia Foos is awarded $1,000.00 as an incentive award. Payment shall be made under the timeline stated in Paragraph 2.5 of the Settlement Agreement.

    8.    The Court will retain jurisdiction over the action and the parties until final performance of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: December 10, 2012

                                        M. James Lorenz
                                        United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL