UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ANN, INC., a Delaware corporation doing business as Ann Taylor Retail, Inc.,<br><br>  Defendant. | Civil No. 11cv2794 L (MDD)<br><br>**ORDER GRANTING OBJECTOR'S EX PARTE MOTION FOR DISCLOSURE OF CLAIMS RATE DATA [doc. #66]** |

The Court previously found the settlement of this action to be fair, reasonable and adequate. Plaintiff's counsel submitted a motion for attorneys' fees which remains pending. Sarah McDonald, who objected to the class action settlement, now moves ex parte for the disclosure of claims rate data in order for the Court to properly consider the attorneys' fees requested. Claim members had until February 8, 2013, in which to submit claims for relief under the settlement. Accordingly, the claims administrator has the data showing how many class members requested a coupon under the settlement agreement.

In seeking disclosure of the number of claims submitted by class members, McDonald contends the information would (1) assist the Court in reviewing the merits of the attorneys' fees sought and (2) provide valuable information in general concerning class actions settlements, particularly with the type of benefit obtained by class members here. But plaintiff opposes the

disclosure request as procedurally improper and irrelevant.

Since the filing of the ex parte motion, the Ninth Circuit Court of Appeals has addressed this specific issue of attorneys' fees in the context of a coupon settlement under CAFA, an issue of first impression. *See In re HP Inkjet Printer Litigation*, 2013 WL 1986396 (9th Cir. May 15, 2013). In *HP Inkjet*, objectors contended that the attorneys' fees award violated CAFA, specifically 28 U.S.C. § 1712(a)-(c), which controls the calculation of attorneys' fees when the settlement contains an award of coupons to class members or injunctive relief or both. *Id*. The district court found the settlement was fair, reasonable and adequate, and by separate order, awarded attorneys' fees by applying the loadstar method to an estimated "ultimate value" of the settlement. The Court of Appeals reversed.

Section 1712(c) is the relevant portion of the statute in the present case because the settlement involves both an award of coupons and injunctive relief to class members, *i.e.,* a "mixed settlement":

> If a proposed settlement in a class action provides for an award of coupons to class members and also provides equitable relief, including injunctive relief –
>
> (1) that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a); and
>
> (2) that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of coupons shall be calculated in accordance with subsection (b).

Thus, "[t]he practical effect of § 1712(c) is that the district court must perform two separate calculations to fully compensate class counsel." *HP Inkjet* at *8. The first calculation is a determination of a "reasonable contingency fee based on the **actual redemption value of the coupons awarded**." *Id.* (emphasis added.) The second calculation is a determination of "the reasonable lodestar amount to compensate class counsel for any non-coupon relief obtained." *Id*.

Noting that "one of the main purposes of CAFA" is "discouraging coupon settlements", the appellate court pointed to the legislative history: "[T]he fee award should be based on the demonstrated value of coupons **actually redeemed by the class members**." *Id.* at *10 (quoting

S. Rep. 109-14 at 30).

The *HP Inkjet* case held:

> Under § 1712 of CAFA, a district court may not award attorneys' fees to class counsel that are "attributable to" an award of coupons without first considering the redemption value of the coupons. A district court may, however, award lodestar fees to compensate class counsel for any non-coupon relief they obtain, such as injunctive relief.

*Id.*

Here, objector seeks disclosure of claims rate data. Because under controlling law such information will be necessary for the Court to undertake the appropriate review of plaintiffs' attorneys' fees motion,

IT IS ORDERED:

1. Objector's ex parte motion for disclosure of claims rate data is **GRANTED**. [doc. #66] Plaintiffs shall provide the claims rate data to objector and opposing counsel on or before **May 24, 2013.**

2. Objector may file a response to plaintiff's motion for attorneys' fees within 10 days of the receipt of the claims rate data.

3. Plaintiff may file a reply to objector's response within 5 days of service of the response.

**IT IS SO ORDERED.**

DATED: May 20, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL