John W. Davis, State Bar #200113
john@johnwdavis.com
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorney for Objector
Sarah McDonald

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANN, INC.,  a Delaware corporation doing business as Ann Taylor Retail, Inc.,<br><br>Defendant. | CASE NO.  3:2011-cv-02794<br><br>Judge M. James Lorenz<br><br>Magistrate Judge Mitchell D. Dembin<br><br><u>CLASS ACTION</u><br><br>**Objector's Supplemental Response to Plaintiff's Motion for Attorneys' Fees** |

Pursuant to this Court's Order of May 20, 2013 (Doc. 71), Objector Sarah McDonald ("McDonald") hereby submits additional briefing regarding Class Counsel's fee request in the wake of the Ninth Circuit decision in *In re HP Inkjet Litig.*, 2013 WL 1986396 (9th Cir. May 15, 2013).

McDonald concludes that no fees are attributable to the injunctive relief in the Settlement Agreement. Fees may be attributable to the voucher relief, but the final calculation of those fees must await the redemption of the vouchers claimed. That final fee is likely to be much less than the amount the parties agreed upon.

## I. THE SETTLEMENT AGREEMENT'S FEE PROVISIONS CONFLICT WITH THE CLASS ACTION FAIRNESS ACTION ACT ("CAFA") AND ARE THEREFORE VOID

As a threshold matter, it is worth noting that the Settlement's provisions relating to the payment and calculation of attorneys' fees are void in light of *HP Inkjet*, *supra*. In the Settlement Agreement, Ann Inc. agreed not to oppose Class Counsel's fee application for up to $192,000 in fees and costs. *See* Settlement Agreement, §2.4(a). The parties further specified that:

> Class Counsel's fees will be based on the lodestar method, including the use of a multiplier – consistent with and pursuant to Ninth Circuit law – based on the contingent nature of the representation, the risk involved, and the results achieved for the Settlement Class.

Settlement Agreement, §2.4 (b). This provision is starkly at odds with *HP Inkjet*,

which holds that voucher relief of the kind forming the basis of the settlement here is to be compensated as a reasonable contingent amount of the actual redemption value of the vouchers.  *HP Inkjet, supra* at *21.   Therefore, the Settlement's fee provisions do not provide any relevant guidance on the entitlement or calculation of fees in this case.[1]

On the contrary, the fee was evidently set by reference to Class Counsel's estimate that the minimum value of the settlement was $2,490,420, and recovered a "significant benefit for at least 154,900 California consumers."  Doc. 46 at ECF 28, 10.  Class Counsel further argued that that the fee sought was supported by their claimed lodestar of $131,146.  *Id.* at ECF 20.

As explained below, the *HP Inkjet* case and the actual claims rate data make it clear that these figures are not accurate, and that the actual compensable value of the settlement will be nowhere near the amount that the parties agreed upon.

## II. CLASS COUNSEL ARE ENTITLED TO FEES FOR THE VOUCHER RELIEF, BUT NOT FOR THE NON-VOUCHER RELIEF

McDonald previously pointed out that Class Counsel's theory of fee recovery was unspecified, and raised the issue whether Class Counsel had met the criteria to be entitled to fees in the first place, and under what statute, doctrine, or theory.  Doc.

---

[1] Of the total fees and costs, it appears that the cost portion amounts to approximately $2,761.98.  *See* Doc. 46 at ECF 21.

1  55 at ECF 8-10.

2  That question is more important in light of the *HP Inkjet* majority's emphasis on CAFA's requirement that courts discern what fees are "attributable" to what relief, whether coupon or non-coupon. The *HP Inkjet* majority found that a fee is "attributable" to relief when that relief entitles the attorney to fees. *HP Inkjet, supra* at \*\*16-20 (discussing at length the meaning of "attributable to" in §1712) and *HP Inkjet, supra* at \*17 (a fee is attributable to coupons when the award of coupons is "a condition precedent" to a fee award).

Discerning the distinctions is important to the fee calculation, because any part of a fee award attributable to coupon relief must be measured as a contingent portion of the actual redemption value of the coupons. *HP Inkjet, supra* at \*\*20-21. By contrast, a part of a fee award attributable to injunctive or equitable relief may be compensated by the lodestar method. *HP Inkjet, supra*.

Here, the claims data supplied thus far permits McDonald to conclude that the record supports entitlement to fees under Cal. Civ. Code §1021.5 with respect to the coupon relief, but not with respect to the equitable/injunctive relief.

Specifically, there is now evidence that a sufficient number of class members have claimed vouchers representing a non-trivial amount of benefit consisting of the right to the merchandise or discounts. *See Declaration of Jennifer Keough*, Doc. 73.

Defendant's commitment to honor these discounts likely renders Plaintiff a successful party for the purposes of §1021.5. Doc. 55 at ECF 8:23 – 9:16.

By contrast, the injunctive relief in this case would not alone qualify Plaintiff as a party who successfully vindicated an important public interest.  Here, the interest vindicated by the settlement is the statutory entitlement to penalties for Ann Inc.'s prior alleged violations of the statute, which was addressed by the vouchers, and not by the injunctive provisions.  The equitable provisions in fact did not alter the status quo or otherwise require Ann Inc. to alter its conduct.  *See* Doc. 31 at ECF 8 (arguing that the injunctive relief in the settlement is illusory), *see also* Doc. 55 at ECF 9:17 – 10:1  (noting that injunctive relief is not authorized by the statute and was not sought in the complaint, such that the inclusion of minor injunctive relief in the settlement does not afford "successful party" status for attorneys' fees purposes).

In other words, there is no part of the fee award that is or should be attributed to the injunctive relief.  The voucher relief does support a fee award but, as explained below, the Court must await further information about the actual redemption value of the vouchers before making a final award.

### III.  CALCULATION OF FEES

This Court has identified this settlement as a "mixed" settlement comprising both coupon relief and non-coupon relief.  Doc. 71 at ECF 2:11-13.  However, the parties in crafting the settlement evidently assumed that the "vouchers" here are not coupons under CAFA.  That argument was foreclosed by *HP InkJet*, *supra,* which made it clear that credits, discounts, vouchers, and other in-kind benefits of the type

found in this settlement bring the case within the purview of CAFA's fee provisions. *See HP Inkjet, supra* at *6 (describing the "e-credits" there as a "euphemism for coupon"); *id.* at *8 (defining a "coupon settlement" as one in which the class gets "coupons or vouchers" while the attorneys get cash). *See also* McDonald Objection, Doc. 31 at ECF 8-9 (arguing that the voucher relief here amounts to a "pure coupon" settlement).

### A.  Compensation for Voucher and Coupon Relief

As this Court observes, *HP InkJet, supra,* held that courts "may not award attorneys' fees to class counsel that are 'attributable to' an award of coupons without first considering the redemption value of the coupons." Doc. 71 at ECF 3. Here, as in *HP Inkjet*, class members were required to make a claim to receive the voucher in the first place. In *HP Inkjet*, the district court used that claims rate to estimate the fee. According to *HP Inkjet*, that was error. Instead, the district court should have waited until the vouchers were exercised, to determine the actual amount. *See HP Inkjet, supra* at *11 n.6 (disagreeing with dissent that the effort involved in claiming the vouchers supported an assumption of full redemption); *id.* at *27 (holding it was error for district court to award a fee without considering the actual redemption value and instead making a "rough estimate" of the value of the claimed credits). This case presents the added wrinkle that there are two types of voucher that may, if exercised, return different amounts to individual claimants.

Following *HP Inkjet,* this Court should defer making a final fee award to Class Counsel until the total redemption value of the vouchers can be reported. *HP Inkjet, supra* at *28, n.19 (approving bifurcation of fee proceedings to award fees for guaranteed recoveries immediately, while deferring additional fees pending reporting of the redemption value).

### B. Compensation for Injunctive Relief

As this Court recognizes, *HP InkJet* holds that district courts may "award lodestar fees to compensate class counsel for any non-coupon relief they obtain, such as injunctive relief." Doc. 71 at ECF 3. As set forth above, McDonald disputes that the "injunctive" relief portion of the settlement can be compensated at all. But if the Court were to consider compensating Class Counsel for that relief, further problems emerge.

For example, even if some fee were "attributable to" the non-voucher relief, how much of Class Counsel's claimed lodestar forms the basis for that fee? It is difficult to ascertain from the record what amount of time counsel expended in obtaining the non-voucher relief. *See* Response to Plaintiff's Supp. Submission, Doc. 55 at ECF 12:26 – 13:8 (objecting to vague time reports submitted by Class Counsel); Doc. 42-2, ECF 40 *et seq.* (time reports of Class Counsel attorneys). Thus, if the question amounts to what proportion of a reasonable lodestar is attributable to non-coupon relief, the Court lacks the information necessary to

1 answer it.

2       Further, even if the non-coupon relief supported fee recovery under some theory, the Court must still consider its value to the class in arriving at a fee. *HP Inkjet, supra* at \*26 & n.18.  Where, as here, the benefit to the class from the non-coupon relief is *de minimis*, no fee should be paid.  "Just because the class obtains equitable or injunctive relief does not mean attorneys' fees are necessarily appropriate." *HP Inkjet, supra*, \*\*20-21 n.12 (concluding that "a district judge might refuse to award any lodestar fees where the value of the equitable or injunctive relief is de minimis.")  McDonald thus concludes that even if the injunctive relief theoretically supports entitlement to fees, the value of the injunctive relief to the class is too minimal to support anything other than a nominal fee award.

Date: June 3, 2013                                                    Respectfully submitted,

                                                                  s/ John W. Davis
                                                          Law Office of John W. Davis
                                                          501 W. Broadway, Suite 800
                                                          San Diego, CA  92101
                                                          (619) 400-4870
                                                          (619) 342-7170 (fax)
                                                          john@johnwdavis.com