John W. Davis, State Bar #200113
john@johnwdavis.com
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorney for Objector
Sarah McDonald

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANN, INC.,  a Delaware corporation doing business as Ann Taylor Retail, Inc.,<br><br>Defendant. | **CASE NO.  3:2011-cv-02794**<br><br>Jude M. James Lorenz<br><br>Magistrate Judge Mitchell D. Dembin<br><br>CLASS ACTION<br><br>**OBJECTOR'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S ORDER REGARDING THE COUPON SETTLEMENT PROVISIONS OF CAFA** |

# TABLE OF CONTENTS

I. Summary of Argument ................................................... 1

II. This is a "coupon settlement" under The Class Action Fairness Act ("CAFA").. 2

III. The Court must consider the redeemed value of class relief in determining a fee award, and cannot substitute a lodestar calculation ............................................ 7

IV. Conclusion.............................................................. 10

1

## TABLE OF AUTHORITIES

2
### Cases

3
*Acosta v. Trans Union, LLC*, 243 F.R.D. 377 (2007) ...................................4

4
*Alcazar v. Corp. of the Catholic Archbishop of Seattle*, 627 F.3d 1288 (2010). .......2

5
*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (2006) .......................7

6
*Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427 (1991)...........................8

7
*Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ....................7

8
*Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292 (2007) ...............................4

9
*In Re HP Inkjet Printer Litigation*, 716 F.3d 1173 (2013).................1, 2, 3,6, 8,9, 10

10
*In Re Mexico Money Transfer Litig.*, 267 F.3d 743 (2001)........................................3

11
*In re Safeguard Self-Storage Trust*, 2 F.3d 967 (1993)..............................................2

12
*Khatib v. County of Orange*, 639 F.3d 898 (2011)......................................................2

13
*Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885 (2011). .......3

14
*Synfuel Technologies v. DHL Express* (USA), 463 F.3d 646 (2006).....................3, 4

15

16

17
### Statutes

18
28 U.S.C. §1711 ......................................................................................................2, 3

19
28 U.S.C. §1712..........................................................................................................8

20
Cal. Civ. Code §1021.5...........................................................................................9, 10

21

22

23
### Rules

24
Fed. R. Civ. P. 23.......................................................................................................5, 7

25

26
### Treatises

27
Christopher R. Leslie, A Market-Based Approach to Coupon Settlements in

28
    Antitrust and Consumer Class Action Litigation, 49 UCLA L. Rev. 991, 1049

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(2002) ...............................................................................................................6

Jeffrey S. Jacobson, Defining 'Coupon' Under the Class Action Fairness Act,

    PRODUCT LIAB. LAW 360 (Jan. 15, 2008) ............................................3


**Other Authorities**

AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th ed. 2011)........3

S. Rep. No. 109-14 (2005)............................................................................5

# I.  SUMMARY OF ARGUMENT

The Court's order of July 16, 2013 (Dkt. 81) instructed Plaintiff Amelia Foos ("Plaintiff") to address "her position that the Settlement Agreement in this case should not be deemed to be a CAFA coupon settlement."  That is a difficult task given the holding in *In Re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013) (hereafter "*Inkjet*"), which makes clear that the "voucher" relief in this settlement renders this a "coupon settlement" subject to the fee calculation requirements of CAFA.

Plaintiff attempts to circumvent the *Inkjet* case by citing non-controlling authority and misconstruing district court orders that either pre-date *Inkjet* or are otherwise inapposite.   Plaintiff also reiterates several already-discredited arguments to the effect that the "vouchers" are not really coupons because they are transferrable and because it is possible to use one of the two vouchers without spending additional money.

However, the settlement before this Court is exactly the type of settlement the Ninth Circuit was addressing in the *Inkjet* opinion.  Calling a coupon a "voucher" does not avoid CAFA.  Adorning a coupon with a feature such as transferability does not avoid CAFA.  That a few class members may obtain a product valued at under $15 for no additional expenditure, while others receive either a $15 or 20% discount, only underscores the applicability of CAFA's fee provisions, for which the overt purpose is to tie class counsel's compensation to the financial benefit actually redeemed and received by the class.

Plaintiff also continues her attempt to rely upon the so-called "injunctive" component of the settlement, arguing that the presence of this relief justifies using a

lodestar calculation that would compensate her counsel's entire billings in the case. This argument is directly contrary to *Inkjet*, but the point is moot: the equitable relief provisions did not in fact alter the *status quo* or otherwise require Ann Inc. to alter its conduct. *See* Dkt. 31 at ECF 8 (arguing that the injunctive relief in the settlement is illusory); *see also* Dkt. 55 at ECF 9:17 – 10:1 (noting that injunctive relief is not authorized by the statute and was not sought in the complaint, such that the inclusion of minor injunctive relief in the settlement does not afford "successful party" status for attorneys' fees purposes). Such illusory injunctive relief does not qualify Plaintiff for any attorneys' fee award at all. Plaintiff would thus be better off being compensated, as CAFA and *Inkjet* require, by utilizing a contingent measure of the value of the vouchers redeemed by the class.

## II. THIS IS A "COUPON SETTLEMENT" UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

As stated in Objector Sarah McDonald's ("Objector") Objection to Proposed Settlement, Dkt. 31 at ECF 3, although the settlement refers to the offered coupons as "vouchers," if it looks like a duck, walks like a duck, and quacks like a duck, it must be a duck. *In re Safeguard Self-Storage Trust*, 2 F.3d 967, 970-74 (9th Cir. 1993). Though the settling parties termed the offer to class members a "voucher," and avoided the term "coupon," the legal effect of the relief "is a question of function, not just labeling." *Khatib v. County of Orange*, 639 F.3d 898, 905 (9th Cir. 2011). Settlements providing class members with coupons or other in-kind awards of nominal value were a central legislative motivation of the Class Action Fairness Act. 28 U.S.C. § 1711 note § 2(a)(3)(A). Parties cannot rely on labeling "as a mere

'subterfuge' to avoid statutory obligations." *Alcazar v. Corp. of the Catholic Archbishop of Seattle*, 627 F.3d 1288, 1292 (9th Cir. 2010).   Indeed, the vouchers here are strikingly similar to the "e-credits" in *Inkjet*, a term which the Ninth Circuit characterized dismissively as "a euphemism for coupons." *Inkjet,* 716 F.3d at 1176.

This is a "coupon settlement" under CAFA.  Congress did not define the term "coupon" anywhere in CAFA.  *See* 28 U.S.C. §1711 (definition section). "Where a statute does not define a key term, [courts] look to the word's ordinary meaning." *Inkjet* at 716 F.3d at 1181, citing *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1891 (2011).  A coupon is "[a] code or detachable part of a ticket, card, or advertisement that entitles the holder to a certain benefit, such as a cash refund or a gift." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th ed. 2011), *accord Synfuel v. DHL Express (USA)*, 463 F.3d 646, 654 (7th Cir. 2006) (Wood, J.) (A "discount on a proposed purchase" is typical coupon relief).   Both of the "vouchers" offered by this settlement meet these common definitions.  *See* Jeffrey S. Jacobson, Defining 'Coupon' Under the Class Action Fairness Act, PRODUCT LIAB. LAW 360 (Jan. 15, 2008) ("If class members can receive nothing more than the ability to buy a new product from the defendant at a discounted price, that is clearly a 'coupon settlement.'").

Plaintiff points out that the vouchers are transferrable.  As a matter of law, nothing in CAFA creates an exception for coupons that can be given to another party.   Transferability does not make a coupon equivalent to cash.  *In Re Mexico Money Transfer Litig.*, 267 F.3d 743, 748 (7th Cir. 2001).  This is common sense.  A settling defendant may well agree to confer any of a variety of beneficial terms or

features upon a settlement coupon – such as the right to transfer the coupon, or to aggregate multiple coupons in a single transaction, and so on – to distinguish the settlement coupon from ordinary coupons offered by a defendant in its regular marketing campaigns.   Such favorable features may be necessary to gain judicial approval of the coupon settlement as fair, adequate, and reasonable, but they do not make the coupon any less of a coupon for CAFA purposes.   Additionally, even if the Court were to find that settlement relief is not "identical to a coupon," it should be treated like a coupon when it is "in-kind compensation" that "shares characteristics" with coupons.  *Synfuel*, 463 F.3d at 654 (7th Cir. 2006).

Plaintiff's authority on this point is neither controlling nor persuasive, and it is inapposite in any event.   Plaintiff cites *Shames v. Hertz Corp.*, No. 07-CV-2174-MMA (WMC), 2012 WL 5392159  (S.D. Cal. Nov. 5, 2012) to support her argument that the "vouchers" offered under this settlement are analogous to the "vouchers" approved by Judge Anello in *Shames* and, accordingly, should not be considered coupons for purposes of CAFA.   First, *Shames* was decided prior to *Inkjet*.   Second, the *Shames* settlement contained a **cash component** equal to two-thirds of the damages actually incurred by class members.   *Shames, supra,* Dkt. 357 at 21.   By contrast, the settlement before this Court has no cash component and, indeed may more accurately be described as a "pure coupon" settlement of the type increasingly criticized in recent years.[1]

Plaintiff also offers anecdotes from other district courts to support the idea

---

[1] *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1321 (S.D. Fla. 2007); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 390-393 (C.D. Cal. 2007); *see also Schlesinger v. Ticketmaster,* Los Angeles Superior Court case number BC304565.

that there is a difference between this "voucher" settlement and a CAFA "coupon" settlement.  These anecdotes derive from non-controlling, unpublished orders from the Northern District of California; even then, Plaintiff must make impermissible leaps of law and logic to apply them here.[2]  *See Plaintiff's Supplemental Brief* at 3:22-24.  For example, Plaintiff argues that the mere preliminary approval of the settlement in *Seebrook v. The Children's Place Retail Stores, Inc.*, Case No. 11-cv-00837 (N.D. Cal. June 19, 2013) is evidence that the Court found relief offered in that case did not constitute coupons under CAFA.   Of course, preliminary approval does not establish the ultimate validity of a settlement and stipulated attorneys' fees, as is made abundantly clear by the final fairness hearing requirement of Fed. R. Civ. P. 23.  Second, Plaintiff's argument is a *non sequitur* because CAFA does not prohibit coupon settlements.  CAFA merely requires heightened scrutiny of coupon settlements and, particularly in light of *Inkjet*, requires courts to consider the redeemed value of those coupons in awarding attorneys' fees.   Plaintiff's implicit suggestion that a settlement is not a CAFA coupon settlement when a court gives preliminary approval to it is exactly wrong, as the *Inkjet* case itself indicates.

Plaintiff also argues that, because one of the two "vouchers" can possibly be used to purchase an entire product priced at less than $15, this is not really a coupon settlement under CAFA.  This argument has no basis in the statutory text or any dictionary definition, and the legislative history cites multiple cases where class members received entire products.  *See Inkjet* at 1194 (citing S. Rep. No. 109-14

---

[2] Unfortunately, Plaintiff did not provide the Court with copies of the unpublished orders from the Northern District of California which Plaintiff asserts supports her position.

(2005), which includes examples such as a free crib repair kit, free spring water, and free golf gloves or golf balls).   Plaintiff's argument ignores the primary problem with coupons and vouchers addressed by CAFA:  they "mask[] the relative payment of the class counsel as compared to the amount of money actually received by the class members." *Inkjet*, at 1178 (quoting Christopher R. Leslie, A Market-Based Approach to Coupon Settlements in Antitrust and Consumer Class Action Litigation, 49 UCLA L. Rev. 991, 1049 (2002)). "[C]ourts aim to tether the value of an attorneys' fees award to the value of the class recovery… Where both the class and its attorneys are paid in cash, this task is fairly effortless… But where class counsel is paid in cash, and the class is paid in some other way, for example, with coupons, comparing the value of the fees with the value of the recovery is substantially more difficult." *Inkjet* at 1177-1178.  In other words, the fact that the $15 voucher could possibly be redeemed for an item of nominal value without the need to spend additional money at an Ann Taylor store does not remove it from the "actual value" concerns of CAFA's fee provisions.  It also has no relevance at all to the 20% off voucher (selected by approximately 26% of claimants) for which a minimum purchase of $100 is specifically required.  *See Declaration of Jennifer Keough Regarding Claims Administration*, ¶ 4 (Dkt. 73).

On the contrary, the possibility of obtaining an entire product is perfectly consistent with CAFA's "actual value" analysis: the correct approach is to consider the actual value of all voucher redemptions, whether or not they end up requiring additional expenditures, and then use that amount to set a contingent fee under CAFA.  Thus, a $10 pair of socks obtained with the $15 voucher is valued as a $10

benefit.  The same voucher used to purchase a $50 item results in a $15 benefit. The sum of these individual benefits, along with the benefits obtained through the use of the 20% off voucher, constitute the "actual value" received by the class for the purpose of the contingent fee award mandated by CAFA.

## III.  THE COURT MUST CONSIDER THE REDEEMED VALUE OF CLASS RELIEF IN DETERMINING A FEE AWARD, AND CANNOT SUBSTITUTE A LODESTAR CALCULATION

Plaintiff chose to provide additional argument concerning calculation of fees – a subject which has already been briefed in this matter.  *See Class Member Response to Plaintiff's Supplemental Submission Concerning Attorneys' Fees* (Dkt. 55) and *Supplemental Response to Plaintiff's Motion for Attorneys' Fees* (Dkt. 74) which Objector incorporates herein by reference.  Accordingly, Objector submits a succinct response to Plaintiff's recent arguments.

As a threshold matter, Plaintiff attempts to obscure the application of federal law in determining fees.  Surprisingly, Plaintiff cites *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005) in support of her argument that state law, not federal law, applies in determining fees awards.  Ironically, in discussing fee calculation (which was not one of  the issues addressed in the subsequent review by the Supreme Court cited by Plaintiff), the district court applied Eleventh Circuit law – not state law – to award attorney fees following settlement of class action claims brought under state laws.  The key holding was that "[t]he district court presiding over a diversity-based class action pursuant to Fed.R.Civ.P. 23 has equitable power to apply federal common law in determining

fee awards irrespective of state law." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1200 (2006).   Objector has already briefed the application of federal law to calculation of attorneys' fees and incorporates that discussion herein by reference.  *See Class Member Response to Plaintiff's Supplemental Submission Concerning Attorneys' Fees*, Dkt. 55 at ECF 2.   Diversity jurisdiction in this case is predicated on CAFA itself; there is no question that the same statute's mandatory provisions on fee calculation apply.

Applying CAFA's fee provisions here, the *Inkjet* case makes clear that fees sought by Plaintiff that are attributable to voucher relief must be calculated by reference to the actual redemption value of the coupons.  *Inkjet*, 1716 F.3d at 1184. Plaintiff nevertheless quotes a portion of text from *Inkjet* out of context to suggest that the presence of any form of injunctive relief justifies abandoning that approach and instead using lodestar for the entire fee calculation.  *See Plaintiff's Supplemental Brief Pursuant to the Court's Order Regarding the Coupon Settlement Provisions of CAFA at ECF 7:10-16.  (Dkt. 83)*.  However, that argument is essentially the argument embraced unsuccessfully by the dissent in *Inkjet*, which becomes crystal clear if one continues to read the opinion:

> To reach that conclusion, however, our dissenting colleague must entirely ignore the language of § 1712(a). As we have already explained, the unambiguous command of § 1712(a) requires that "any attorney's fee" awarded for obtaining coupon relief be calculated using the redemption value of the coupons. The dissent's interpretation of § 1712(b) would read § 1712(a) completely out of the statute. "Under accepted canons of statutory interpretation, we must ... mak[e] every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432

1    (9th Cir.1991) . . .

2    *Inkjet*, 1716 F.3d at 1183-1184.

3        Contrary to Plaintiff's assertions, *Inkjet* does indeed preclude this Court from

4    awarding a fee based solely on lodestar.  Even if this Court finds that there is an

5    equitable component of the settlement which has value to the class, the Court must

6    still segregate the fee allocable to that relief from the determination of the fees

7    allocable to the voucher relief, and consider the coupon redemption rate when

8    determining a fee award attributable to that portion of the settlement.  ("If a

9    settlement gives coupon and equitable relief and the district court sets attorneys'

10   fees based on the value of the entire settlement, and not solely on the basis of

11   injunctive relief, then the district court must use the value of the coupons redeemed

12   when determining the value of the coupons part of the settlement.")  *Inkjet,* 1716

13
     F.3d at 1184.
14

15

16       Further, the injunctive relief in this case does not support the award of

17   attorneys' fees in any amount, because it would not alone qualify Plaintiff as a party

18   who successfully vindicated an important public interest under Cal. Civ. Code

19   §1021.5.   Here, the interest vindicated by the settlement is the statutory entitlement

20   to penalties for Ann Inc.'s prior alleged violations of the statute, which was

21   addressed by the vouchers, not by the injunctive provisions.  In this injunctive

22   component, the settling parties agreed that defendant would comply with existing

23   law in the future and stop collecting zip code information – even though it is

24   uncontested that Ann Taylor had already ceased that practice prior to Plaintiff filing

25   her complaint, had exhibited no evident inclination to violate the law as interpreted

26   by the courts, and had in fact exhibited a voluntary inclination to change its

27

28

1    practices to comply with new controlling authority, without compulsion.[3]

2        While the record may support basic ***entitlement*** to fees under Cal. Civ. Code

3    §1021.5 with respect to the coupon relief, it does not support a fee award with

4    respect to the "equitable/injunctive" relief.  Objector therefore concludes that no

5    fees are attributable to the "injunctive relief" in the Settlement Agreement.

6

7        Finally, Plaintiff complains that her counsel's effective multiplier has been

8    reduced by the proceedings of recent months.  *Plaintiff's Supplemental Brief*

9    *Pursuant to the Court's Order Regarding the Coupon Settlement Provisions of*

10   *CAFA* at ECF 7, fn. 5. (Dkt. 83)  But plaintiff's counsel cannot be compensated for

11   unsuccessfully opposing Objector's motion for disclosure of the claims rate (which

12   the Ninth Circuit has said is necessary to a determination of fees), seeking an

13   appellate bond by claiming issues are frivolous (the same issues the Ninth Circuit

14   has now addressed in *Inkjet* and found to be meritorious), and launching *ad*

15   *hominem* attacks against Objector's counsel.  These activities were not successful in

16   any sense, were of no benefit to the class, and instead sought improperly to shield

17   the settlement and request for attorneys' fees from due scrutiny.

18

19                              **IV.  CONCLUSION**

20       The settlement before this Court is the classic CAFA "coupon" settlement.

21   Accordingly, CAFA's provisions concerning the award of attorneys' fees apply

22   here.

---

[3] *Defendant Ann Inc.'s Statement of Non-Opposition to Plaintiff's Motion for Final Approval of Class Settlement*, Doc. 35 at ECF 19.

1   Respectfully submitted this 12th day of August, 2013.

2

3                                                              LAW OFFICE OF JOHN W. DAVIS

4

5                                                       by:  /s/  John W. Davis                    .

6                                                           John W. Davis
                                                            Counsel for Objector
7                                                           Sarah McDonald

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28