UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA FOOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANN, INC., a Delaware corporation doing business as Ann Taylor Retail, Inc.,<br><br>Defendant. | Civil No. 11cv2794 L (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [doc. #46]** |

**I.     Procedural Background**

Prior to the final fairness hearing concerning the settlement of this class action, plaintiff's counsel filed a motion for attorneys' fees. [doc. #29] On November 20, 2012, Sarah McDonald filed an Ojection to the Settlement Agreement. After considering McDonald's Objection, the Court concluded, on balance, the relevant factors weighed in favor of a finding that the settlement was fair, reasonable and adequate. The Court further held that plaintiffs' counsel was entitled to attorneys' fees but did not award a specific amount because of the lack of documentation for the fees. [doc. #39] By agreement, defendant did not oppose the full amount of attorneys' fees sought by plaintiff, $192,00.00. On January 7, 2013, plaintiffs' counsel provided supplemental information concerning the requested attorneys' fees and costs, [doc. #46] to which Objector McDonald filed a response. [doc. #55]

McDonald then filed an ex parte motion seeking disclosure of claims rate data which the Court granted. [doc. #71] The Court entered an Order requiring supplemental briefing by the parties concerning whether the Settlement Agreement in this action is a "coupon settlement" within the meaning of CAFA, [doc. #81] which the parties provided.

**II.     Discussion**

      **A.     Whether the Settlement Agreement is a Coupon Settlement Under CAFA**

The terms of the Settlement Agreement provide, *inter alia*, that class members would receive the choice of a voucher for either $15.00 in Ann Taylor merchandise with no minimum purchase required or a "voucher" for 20% off any merchandise purchase over $100.00, with no cap. Each class member would receive one, single-use, transferable voucher, regardless of the number of alleged violations, which would be valid for six months after issuance.

If a class member elected the $15.00 voucher, because there was no minimum purchase requirement, the class member would receive a monetary benefit under this settlement without needing to provide any money out-of-pocket; however, if the purchase price was less than $15.00, no refund of the difference would be offered.

Whether this action is considered a "coupon" settlement rather than one that provides for what both plaintiff and defendant contend is a "voucher" settlement, became a significant issue while plaintiff's motion for attorneys' fees was pending. The Ninth Circuit Court of Appeals addressed the calculation of attorneys' fees in the context of a coupon settlement under CAFA, which was an issue of first impression. *See In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013). In *HP Inkjet*, objectors contended that the attorneys' fees award violated CAFA, specifically 28 U.S.C. § 1712(a)-(c), which controls the calculation of attorneys' fees when the settlement contains an award of coupons to class members or injunctive relief or equitable relief or both. *Id.* at 1179. Although the district court found the settlement was fair, reasonable and adequate, and by separate order, awarded attorneys' fees by applying the loadstar method to an estimated "ultimate value" of the settlement, the Court of Appeals reversed.

/ / /

/ / /

The *HP Inkjet* case noted that in the usual class action case,

> courts try to ensure faithful representation by tying together the interests of class members and class counsel. That is, courts aim to tether the value of an attorneys' fees award to the value of the class recovery. . . .Where both the class and its attorneys are paid in cash, this task is fairly effortless. . . . But where class counsel is paid in cash, and the class is paid in some other way, for example, with coupons, comparing the value of the fees with the value of the recovery is substantially more difficult. Unlike a cash settlement, coupon settlements involve variables that make their value difficult to appraise, such as redemption rates and restrictions.

*Id.* at 1179. (citations omitted.)

Although CAFA defines various other terms, it does not define what constitutes a "coupon." *See* 28 U.S.C. § 1711. Courts have often blurred the distinction between "coupons" and "vouchers" and have considered, at times, that the terms are equivalent. They are not.[1]

The distinction between a coupon and a voucher is that a coupon is a *discount* on merchandise or services offered by the defendant and a voucher provides for *free* merchandise or services. In the present case, class members could choose between 20% off a future purchase at Ann Taylor or a voucher in the amount of $15.00 for merchandise which allows class members to select items for free. In their Settlement Agreement, plaintiff and defendant call the 20% off a future purchase at Ann Taylor a voucher, when actually it is a coupon. A coupon requires a class member to purchase a product or services and pay the difference between the full price and the coupon discount. In the case of coupons, CAFA requires a heightened level of scrutiny to determine if the value of the coupon settlement is reasonable in relation to the value of the claims surrendered. A class action coupon settlement requires that attorneys' fees "attributable to the award of coupons" must be calculated using the redemption value of the coupons. § 1712(a). In contrast, a voucher is more like a gift card or cash where there is an actual cash value, is freely transferable and does not require class members to spend additional money in order to realize the benefits of the settlement. There is no heightened level of scrutiny requirement for vouchers.

Plaintiff contends that the present settlements is not a coupon settlement like *HP Inkjet*,

---

[1] The *HP Inkjet* case noted that the label placed on non-monetary relief is not dispositive of whether something is a "coupon". 716 F.3d at 1176.

because the merchandise vouchers provide for free products. But plaintiff fails to address that the other option available to class members which provides for a discounts on products, *i.e.,* coupons for 20% off the purchase merchandise. (Plf's Supp. Br. at 1-6.) Rather than discuss how or why the 20% discount is not a coupon, plaintiff argues that even if this is a coupon settlement under CAFA, the Court may still use the lodestar method for determining attorneys' fees. (*Id.* at 6.)

Defendant Ann Taylor notes the distinction between vouchers and coupon discussed above but argues that the Settlement Agreement here is not a coupon settlement within the meaning of CAFA. The Court concurs that the class members' ability to obtain $15.00 of free merchandise is a  voucher because "class members who opt for the $15 off merchandise certificate will have the opportunity to receive *free* merchandise, as opposed to merely *discounted* merchandise," (Dft's Supp. Br. at 7.) but the Settlement Agreement also provides for a 20% off *discount* on a purchase of $100.00 or more, *i.e.*, a coupon. Defendant contends that "[t]he key here is that the class members have the choice. Class members who wish to obtain free merchandise, can do so." (*Id.* at 8). However, merely having a choice does not transform the coupon into a voucher.

Similarly, having a coupon *option* does not necessarily transform a class action settlement into a coupon settlement under CAFA. Like the term "coupon", "coupon settlement" is not defined in CAFA.  Although the class members here have the option of receiving a coupon instead of obtaining a voucher, the Court has not found any case law to suggest that such an option *requires* the class action to be deemed a coupon settlement as described in 28 U.S.C. § 1712. If this is not a coupon settlement, and the Court believes it is not, no part of  §1712 is applicable to the award of attorneys' fees. The attorneys' fees award would then be based on the application of the lodestar methodology.

The *HP Inkjet* case noted that § 1712(b) applies in situations where a coupon settlement

also provides for non-coupon relief, such as equitable or injunctive relief:[2] "the language of § 1712(b) is not permissive – if class counsel wants to be paid "any" fees, and the "recovery of the coupons is not used to determine" those fees, the entirety of the payment "shall be" calculated "based upon the amount of time class counsel reasonably expended working on the action," i.e., using the lodestar method. 716 F.3d at 1183. But in the present case, class members also have the option of obtaining non-coupon relief in the form of a voucher – which again is more akin to cash or a gift card – and injunctive relief. The voucher cannot be considered as equitable relief and therefore, is not covered by § 1712(b)'s language of "non-coupon relief, such as equitable" relief. Nevertheless, the Court could, under this subsection, use the lodestar method to calculate plaintiff's attorneys' fees based on the vouchers and injunctive relief.

As discussed above, the Court does not view this settlement as a "coupon settlement" requiring the application of 28 U.S.C. §1712. Accordingly, the Court will review plaintiff's request for attorneys' fees under the lodestar method.

### B.  Calculation of Attorneys' Fees

The Settlement Agreement provided that the amount of attorneys' fees and expenses was agreed upon by the parties only after reaching agreement on all other material terms of this settlement. Therefore, after the parties entered into the Settlement Agreement, they agreed that Class Counsel would seek, without opposition, $192,000.00 in attorneys' fees and costs.

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Attorneys' fees provisions included in proposed class action agreements must be "fundamentally fair, adequate and reasonable." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The court is not bound by the parties' settlement agreement as to the amount of attorneys' fees. *Id.*, 654 F.3d at 943.

Under the Settlement Agreement, plaintiff's counsel requests an award in the amount of

---

[2]  The Settlement Agreement in this case provides for injunctive relief in addition to the choice of a coupon or a voucher. The voucher, being in the nature of cash or gift card which provides for free merchandise or services, is not equitable relief.

$192,000.00, which defendant Ann Taylor has agreed not to oppose. As previously noted, the amount of attorneys' fees was negotiated only after an agreement was reached on all class compensation and notice terms. At the request of the Court, plaintiff's counsel has provided additional information for determination of whether the amount sought is reasonable.

In class actions that provide for injunctive relief, courts frequently use a lodestar calculation because there is no way to gauge the net value or any percentage of the settlement. In response to plaintiff's motion, Objector McDonald, contends, *inter alia,* that the injunctive relief offered in the present settlement provides no meaningful relief to the class members and is therefore illusory. As a result, the Court should not award attorneys' fees in connection with work performed in obtaining the injunctive relief. The Court disagrees. While of limited monetary value perhaps, the injunction entered requires defendant's continued compliance with California law, specifically Civil Code Section 1747.08, a consumer protection statute. The Court will include counsel's time spent in obtaining injunctive relief.

Reasonable attorney's fees must be calculated using the "lodestar" method. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984)(The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate.). After computing the "lodestar," the district court may then adjust the figure upward or downward taking into consideration twelve "reasonableness" factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Morales*, 96 F.3d at 363 n. 8 (quoting *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975)).

The hours expended and the rate should be supported by adequate documentation and other evidence; thus, attorneys working on cases where a lodestar may be employed should keep records and time sheets documenting their work and time spent. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1939 (1983). But as the Supreme Court recently noted, trial courts may use "rough" estimations, so long as they apply the correct standard. *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).[3]

Here, plaintiff's counsel calculated their lodestar using current billing rates for the three attorneys who worked on this case: $585.00 per hour for Joseph J. Siprut; $425.00 per hour for Todd C. Atkins; and $325.00 per hour for Aleksandra M.S. Vold. Plaintiff asserts the requested rates are reasonable and supports this contention by providing both local and national averages for class action litigators. Having reviewed the evidentiary materials plaintiff has provided, the Court finds that the requested hourly rates charged are reasonable.

Counsel also contends that their hours are supported with declarations and detailed time records setting forth the hours expended, categories of the hours expended, and the dates on which the time was expended. (*See* Plf's Exh. 4.) Plaintiff has not provided detailed time records but instead time summaries. Although much more vague than time records, the summaries and declarations provide a sufficient showing of the hours counsel performed on this case. As of January 7, 2013, class counsel have spent 288.4 hours in prosecuting this action, for a total lodestar amount of $133,146.00. (Siprut Decl. ¶11.)

As previously noted, courts may enhance the lodestar figure with a multiplier. Having considered the factors for enhancing the lodestar in this action, the Court finds counsel has displayed skill in presenting the claims; bore some risks in bringing this action given the

---

[3] "We emphasize, as we have before, that the determination of fees 'should not result in a second major litigation.' The fee applicant ... must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.' But trial courts need not, and indeed should not, become green-eye-shade accountants. The essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.' We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it." *Fox*, 131 S. Ct. at 2216 (citations omitted)).

uncertainty in whether the claim asserted was within the statute; the class received benefits because of the action; and the requested fee will not reduce the class members' recovery. For these reasons, the Court will enhance the lodestar figure with a multiplier of 1.42.

Plaintiff also seeks out-of-pocket expenses in addition to attorneys' fees in the amount of $2,761.98, which has been supported with sufficient documentation. (Siprut Decl. ¶12.) The $192,000 in attorneys' fees sought includes the reimbursement of costs and expenses.

**III.  Conclusion**

Upon review of the motion briefing, supplemental papers, the objection of McDonald, declarations, including billing summaries and summary of costs and expenses for plaintiff's counsel filed in support of the motion and considering that the class counsel achieved a substantial result for the class, the Court finds that a $192,000.00 award for class counsel's fees, costs and expenses of litigation is reasonable.

Based on the foregoing, **IT IS ORDERED** plaintiff's motion for attorneys' fees and costs in the amount of $192,000.00 is **GRANTED**.

**IT IS SO ORDERED.**

DATED: September 23, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL